UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MARKCUS KITCHENS, JR.<br>        PLAINTIFF<br><br>v.<br><br>UNITED STATES MEDICAL LICENSING EXAMINATION,<br>        DEFENDANTS<br><br>**REGISTERED AGENT:**<br>    National Registered Agents, Inc.<br>    600 North Second St., Ste. 401<br>    Harrisburg, PA 17101<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>**SERVE:**<br>    3750 Market Street<br>    Philadelphia, PA 19104 | )<br>)<br>)  CIVIL ACTION NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Comes the Plaintiff, Dr. Markcus Kitchens Jr. pro se, and for his Complaint against Defendants United States Medical Licensing Examination and National Board of Medical Examiners and hereby states as follows:

### PARTIES

1. Plaintiff, Dr. Markcus Kitchens Jr. (hereinafter known as "Dr. Kitchens") is a resident of Richmond, Kentucky with a residence at 625 Hampton Way Unit #2, Richmond, Kentucky, 40475.

2. Defendant, United States Medical Licensing Examination (hereinafter known as "Defendant USMLE") has a principal office at 3750 Market Street, Philadelphia, Pennsylvania, 19104. Its registered agent for service is National Registered Agents, Inc. located at 600 North Second St. Ste. 401, Harrisburg, Pennsylvania, 17101.

3. Defendant, National Board of Medical Examiners (hereinafter known as "Defendant NBME") is headquartered at 3750 Market Street, Philadelphia, Pennsylvania, 19104.

## JURISDICTION, VENUE, AND CHOICE OF LAW

4. Plaintiff restates, re-alleges, and incorporates herein by reference, the proceeding paragraphs as if fully set forth herein.

5. The Pennsylvania District Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen of Kentucky and none of the Defendants are citizens of Kentucky for the purposes of jurisdiction, therefore, the parties are completely diverse. Further, the amount in controversy exceeds $75,000.

6. When a federal court sits in diversity, it may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so. The Pennsylvania Long-Arm Statute reaches the full extent of due process.

### Due Process

7. The oft-utilized three-part test for accessing the constitutionality of specific jurisdiction requires: First, the Defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

8. The Defendants purposely availed themselves of the privilege of acting within the State of Pennsylvania as this is where all the event leading to this cause of action occurred.

9. All the claims arise from the decisions made by Defendants in the State of Pennsylvania in accommodations, grading, and scoring by Defendants and discrimination against Dr. Kitchens.

10. The acts, omissions, and consequences caused by Defendants have a substantial connection to the forum state since they either arose from the data transmitted from the forum or the torts perpetrated in the forum, or the injuries caused by actions from within the forum state.

11. For these reasons, specific jurisdiction over the Defendants is appropriate.

12. General jurisdiction is appropriate because the Defendants have such continuous and systematic contacts with the forum state by virtue of their significant business connections with the State of Pennsylvania.

### Choice of Law and Venue

13. The standard for applying Pennsylvania law is whether Pennsylvania had enough contacts to justify applying Pennsylvania law. The Defendants had more than ample contacts with the forum state when decisions directly affecting Dr. Kitchens's accommodation status and/or grading his STEP board exams were conducted in Pennsylvania. Therefore, Pennsylvania law should govern.

14. Venue is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events leading up to these claims took place in the District of Pennsylvania.

### FACTUAL BACKGROUND

15. Dr. Kitchens is an African-American, male applicant who is a natural born citizen of the United States.

16. Dr. Kitchens attended and graduated from the Medical University of Lublin, in Lublin, Poland.

17. On or about October 22, 2021, Dr. Kitchens applied for accommodations with the USMLE STEP board exams, specifically, additional time, due to disability.

18. On or about February 8, 2022, Dr. Kitchens's accommodations were denied.

19. On February 25, 2022, Dr. Kitchens registered for and took the USMLE STEP 1 for the first time.

20. Dr. Kitchens was advised that he failed USMLE STEP 1.

21. On May 9, 2022, Dr. Kitchens registered for and took the USMLE STEP 1 for the second time.

22. Dr. Kitchens was advised that he failed USMLE STEP 1.

23. On May 28, 2022, Dr. Kitchens registered for and took the USMLE STEP 2 for the first time.

24. Dr. Kitchens was advised that he failed USMLE STEP 2 with a 169.

25. On June 29, 2022, Dr. Kitchens registered for and took the USMLE STEP 2 for the second time.

26. Dr. Kitchens was advised that he failed USMLE STEP 2 with a 195.

27. At no point during any time relevant herein was Dr. Kitchens's account flagged for suspicious activity.

28. Defendant USMLE charges students of medical schools in the United States and Canada accredited schools six hundred forty five dollars ($645) per STEP board exam registration.[1] Defendant USMLE charges IMGs nine hundred eighty five dollars ($985) per STEP board exam registration.[2]

29. For each of these exams, Dr. Kitchens paid the IMG rate in addition to additional ECFMG fees.

30. That because of Defendants USMLE and NBME, Dr. Kitchens has suffered tremendous pain and emotional distress, and continues to suffer pain.

**CAUSES OF ACTION**
**COUNT I   VIOLATION OF 42 U.S.C. §12132 AND THE REHABILITATION ACT §504**
**(DEFENDANT USMLE)**

31. Dr. Kitchens hereby incorporates the allegations set forth in paragraphs 1-30 as if fully set forth herein.

32. Title II of the ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. The phrase service, program, or activity is extremely broad in scope and includes anything a public entity does.[3]

33. 42 U.S.C. §12132 defines a 'disability' as (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (2) a record of such impairment, or (3) being regarded as having such an impairment.[4] To establish a disability under the ADA the plaintiff must show that he has an impairment, identify the life activity that he claims is limited by the impairment, and prove that the limitation is substantial.[5]

34. Defendant USMLE has a duty to grant accommodations when a disability is demonstrated.

---

[1] *See* Defendant NBME's exam fees for residential medical graduates at https://www.nbme.org/examinees/united-states-medical-licensing-exam-usmle#exam-fees.
[2] *See* Defendant NBME's exam fees for international medical graduates at https://www.ecfmg.org/fees/index.html.
[3] *Id* at 289.
[4] 42 U.S.C. §12102(2).
[5] *Id* quoting *Fiscus v. Wal-Mart Stores, Inc.*, 385 F.3d 378, 382 (3d Cir. 2004).

35. Defendant USMLE reviewed Dr. Kitchens's application for testing accommodations pursuant to Title II of the ADA and denied same. Defendant USMLE's denial for accommodations discriminated against Dr. Kitchens's disability by denying him benefits of services needed to fully participate in the STEP 1 and STEP 2 process.

36. Defendant USMLE's denial of Dr. Kitchens's benefits was by reason of his disability.

37. Dr. Kitchens has a longstanding history of mental impairment that substantially limits a major life activity that has been recorded and regarded as having an impairment.

38. Dr. Kitchens's mental impairment substantially limits major life activities including but not limited to learning, reading, concentrating, thinking, communicating and working.

39. Dr. Kitchens's mental impairment has been documented in multiple academic settings including but not limited to undergraduate and medical school.

40. Dr. Kitchens's mental impairment has been diagnosed and documented in his medical records before, during, and after his academic career.

41. As a direct and proximate cause of the discrimination by Defendant USMLE, Dr. Kitchens suffered injuries to his professional career and reputation in the medical community.

42. Dr. Kitchens has suffered physical and mental injuries as a result of the injuries to his professional career and reputation.

43. It is reasonably certain that Dr. Kitchens has and will continue to sustain real injuries given the permanent nature of Dr. Kitchens's testing transcript.

44. Therefore, Defendant USMLE violated 42 U.S.C. §12132 and has caused Dr. Kitchens to suffer real and actual damages for an amount to be determined at trial.

### COUNT II   VIOLATION OF 42 U.S.C. §12132 AND THE REHABILITATION ACT §504
### (DEFENDANT NBME)

45. Dr. Kitchens hereby incorporates the allegations set forth in paragraphs 1-44 as if fully set forth herein.

46. As the owner and parent company of Defendant USMLE, Defendant NBME accepted all rights and obligations of the subsidiaries of Defendant USMLE as the rights and obligations of Defendant NBME.

47. Since Defendant NBME discriminated against Dr. Kitchens's disability by denying accommodations, so too, Defendant NBME has discriminated against Dr. Kitchens's qualified disability.

48. As a direct and proximate cause of the discrimination by Defendant USMLE, Dr. Kitchens suffered injuries to his professional career and reputation in the medical community.

49. Dr. Kitchens has suffered physical and mental injuries as a result of the injuries to his professional career and reputation.

50. It is reasonably certain that Dr. Kitchens has and will continue to sustain real injuries given the permanent nature of Dr. Kitchens's testing transcript.

51. Therefore, Defendant NBME violated 42 U.S.C. §12132 and has caused Dr. Kitchens to suffer real and actual damages for an amount to be determined at trial.

### COUNT III   VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
### (DEFENDANT USMLE)

52. Dr. Kitchens hereby incorporates the allegations set forth in paragraphs 1-51 as if fully set forth herein.

53. Title VI Section 601 prohibits persons in the United States being excluded from participation in, denied the benefits of, or be subjected to discrimination on the basis of race, color, ethnicity, or national origin under any program or activity receiving Federal financial assistance.

54. Defendant USMLE is a non-profit organization jointly owned by Defendant NBME and the Federation of State Medical Boards (hereinafter "FSMB") who are eligible to receive federal financial assistance by government grant(s).

55. Defendant USMLE violated Title VI Section 601 by requiring graduates of foreign medical schools to register with and certify with the ECFMG as an International Medical Graduate ("IMG") in order to register and sit for the STEP Board Exams.

56. Defendant USMLE discriminates against IMGs by charging applicants excessive fees based on their ethnicity.

57. Defendant USMLE was aware of Dr. Kitchens's status as an IMG and discriminated against him based on his ethnicity, despite being a natural born citizen of the United States, by requiring him to register with the ECFMG and charge him a different rate.

58. As a direct and proximate cause of Defendant USMLE's actions, Dr. Kitchens suffered injuries set forth herein.

59. Dr. Kitchens has suffered injuries as a result of Defendant USMLE's actions.

60. It is reasonably certain that Dr. Kitchens has and will continue to sustain real injuries given the continued discrimination by Defendant USMLE against individuals who are required to register as an IMG.

61. Therefore, Defendant USMLE violated Title VI Section 601 and has caused Dr. Kitchens to suffer real and actual damages for an amount to be determined at trial.

### COUNT IV   VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
### (DEFENDANT NBME)

62. Dr. Kitchens hereby incorporates the allegations set forth in paragraphs 1-61 as if fully set forth herein.

63. As the owner and parent company of Defendant USMLE, Defendant NBME accepted all rights and obligations of the subsidiaries of Defendant USMLE as the rights and obligations of Defendant NBME.

64. Defendant NBME is a 501(c)(3) charitable organization who is eligible to receive government grant(s) as part of their funding.

65. Since Defendant NBME discriminated against Dr. Kitchens as a registered IMG, so too, Defendant NBME has discriminated against Dr. Kitchens on the basis of ethnicity.

66. As a direct and proximate cause of the discrimination by Defendant USMLE, Dr. Kitchens suffered injuries to his professional career and reputation in the medical community.

67. Dr. Kitchens has suffered physical and mental injuries as a result of the injuries to his professional career and reputation.

68. It is reasonably certain that Dr. Kitchens has and will continue to sustain real injuries given the permanent nature of Dr. Kitchens's testing transcript.

69. Therefore, Defendant NBME violated Title VI Section 601 and has caused Dr. Kitchens to suffer real and actual damages for an amount to be determined at trial.

**WHEREFORE**, Dr. Kitchens respectfully requests the following:

A. A jury trial on all matters triable by jury as a matter of right;

B. Compensatory damages as determined at trial;

C. Incidental and consequential damages according to proof;

D. Punitive damages according to proof;

E. Plaintiff's costs herein expended including reasonable costs; and

F. Any and all other relief to which the Plaintiffs may be entitled.

Respectfully Submitted,

/s/ *Dr. Markcus Kitchens*
Dr. Markcus Kitchens
625 Hampton Way, #2
Richmond, KY 40475
T: (423) 314-4096
markzwanz@gmail.com
***Pro Se Plaintiff***

## VERIFICATION

I, Dr. Markcus Kitchens, Jr., hereby verifies that the above information contained in the Verified Complaint above is true and accurate to the best of our knowledge and belief.

_____
Dr. Markcus Kitchens, Jr.

STATE OF KENTUCKY    )
COUNTY OF FAYETTE    )

Subscribed and sworn to before me, a Notary Public, in and for said County, by Dr. Kitchens, on the 15th day of August, 2022.

My Commission Expires: _Amelia L Kitchens_
KYNP5542
Notary Public