IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MARKCUS KITCHENS, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES MEDICAL LICENSING EXAMINATION and NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>　　　　Defendants. | Civil Action No. 2:22-CV-03301-JMY |

**ORDER**

AND NOW, this _____ day of _____, 2022, upon consideration of the motion of Defendant National Board of Medical Examiners ("NBME") to dismiss the Complaint of Dr. Markcus Kitchens, Jr. pursuant to Fed. R. Civ. P. 12(b)(6) on its own behalf and on behalf of Defendant United States Medical Licensing Examination ("USMLE"), it is hereby ORDERED that the motion is GRANTED and the Complaint is DISMISSED in full with prejudice.

NBME states that the USMLE is an examination program, not an entity, that is co-owned by NBME. The Court agrees that the USMLE is not a proper defendant because there has been no showing that it has the capacity to sue or be sued. In all events, however, regardless of whether the USMLE is an entity with the capacity to be sued, Plaintiff has failed to state any viable claim against the USMLE or NBME.

Plaintiff's claims under Title II of the Americans with Disabilities Act ("ADA") (Counts I and II of the Complaint) fail to state a claim because he does not allege that NBME or the USMLE is a public entity subject to Title II of the ADA. Plaintiff's claims under Section 504 of the

Rehabilitation Act and Title VI of the Civil Rights Act (Counts I, II, III, and IV) fail to state a claim because those statutes only apply to entities that receive federal financial assistance, and Plaintiff does not allege that NBME or the USMLE receive federal financial assistance. Plaintiff's claims under Title VI (Counts III and IV) also fail because he does not allege that NBME or the USMLE discriminated against him based on any protected status under the statute.

Accordingly, Defendant NBME's motion is GRANTED and Plaintiff's complaint is DISMISSED in full with prejudice.

BY THE COURT:

_____
John M. Younge, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DR. MARKCUS KITCHENS, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES MEDICAL LICENSING EXAMINATION and NATIONAL BOARD OF MEDICAL EXAMINERS, <br><br> Defendants. | Civil Action No. 2:22-CV-03301-JMY |

**DEFENDANT NBME'S MOTION TO DISMISS**

Defendant National Board of Medical Examiners ("NBME") moves to dismiss the Complaint (Dkt. 1) of Plaintiff Dr. Markcus Kitchens, Jr. ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) on its own behalf and on behalf of purported Defendant United States Medical Licensing Examination ("USMLE"). The USMLE is an examination, not a person or an entity.

No claims can be asserted against the USMLE because it lacks the capacity to sue or be sued. Plaintiff's claims under Title II of the Americans with Disabilities Act ("ADA") (Counts I and II of the Complaint) fail to state a claim because neither NBME nor the USMLE is a public entity subject to Title II of the ADA. Plaintiff's claims under Section 504 of the Rehabilitation Act and Title VI of the Civil Rights Act (Counts I, II, III, and IV) fail to state a claim because those statutes only apply to entities that receive federal financial assistance, and Plaintiff does not allege that NBME or the USMLE received federal financial assistance. Plaintiff's claims under Title VI (Counts III and IV) also fail because he does not allege that NBME or the USMLE discriminated against him based on any protected status under the statute.

The grounds for this motion are set forth more fully in the accompanying memorandum of law. For the reasons stated above and in the accompanying memorandum, NBME respectfully requests that Plaintiff's Complaint be dismissed. A proposed order is filed herewith.

Dated: November 21, 2022

Respectfully submitted,

COZEN O'CONNOR

*/Jared D. Bayer*
Jared D. Bayer, (201211)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-4127
Facsimile: 215-701-2427
jbayer@cozen.com
*Attorneys for Defendant National Board of Medical Examiners*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MARKCUS KITCHENS, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES MEDICAL LICENSING EXAMINATION and NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>    Defendants. | Civil Action No. 2:22-CV-03301-JMY |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT NBME'S MOTION TO DISMISS</u>**

The Complaint (Dkt. 1) of Plaintiff Dr. Markcus Kitchens, Jr. ("Plaintiff") must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's claims under Title II of the Americans with Disabilities Act ("ADA") (Counts I and II of the Complaint) fail to state a claim because neither the National Board of Medical Examiners ("NBME") nor the United States Medical Licensing Examination ("USMLE") is a public entity subject to Title II of the ADA. Indeed, the USMLE is not an entity of any sort and thus it is not a proper defendant in this lawsuit as to any of Plaintiff's claims. Plaintiff's claims under Section 504 of the Rehabilitation Act and Title VI of the Civil Rights Act (Counts I, II, III, and IV) fail to state a claim because Plaintiff does not allege that NBME or the USMLE receives federal financial assistance. Plaintiff's claims under Title VI (Counts III and IV) also fail because he does not allege that NBME or the USMLE discriminated against him based on any protected status under the statute.

## BACKGROUND

### I. NBME and the USMLE

NBME is a non-profit organization based in Pennsylvania. Complaint ¶ 3. NBME's mission is to help protect the health of the public through the development and administration of high-quality examinations for health professionals. *See generally* https://www.nbme.org/.[1]

NBME is a co-sponsor of the United States Medical Licensing Examination (USMLE) program. *See generally* https://www.usmle.org/. The USMLE is a standardized examination used to evaluate applicants' competence for medical licensure. Three "Step" exams make up the USMLE, taken at different times in an individual's medical education process: Step 1, Step 2 Clinical Knowledge (Step 2 CK), and Step 3. *See generally* https://www.usmle.org/step-exams. State medical boards use USMLE outcomes to inform licensure decisions and to help achieve their mission of helping to ensure safe and effective patient care. *See* https://www.usmle.org/about-usmle.

Neither the USMLE nor the USMLE program is a corporation, association, or any other type of legal entity that is recognized under the laws of Pennsylvania or any other jurisdiction as having the capacity to sue or be sued in court. The USMLE is a standardized examination used for licensure purposes.

### II. Plaintiff's Allegations

In October 2021, Plaintiff requested disability-based accommodations on certain of the USMLE Step exams. *Id.* ¶ 17. His request was denied. *Id.* ¶ 18. Plaintiff took the USMLE Step 1 exam two times and did not pass. *Id.* ¶¶ 19-22. He also took the USMLE Step 2 CK exam two times and did not pass. *Id.* ¶¶ 23-26.

---

[1] Plaintiff refers to NBME's website in his Complaint. *See* Complaint ¶ 28.

Plaintiff is a United States citizen who resides in Kentucky, Complaint ¶ 15, but he attended and graduated from the Medical University of Lublin, in Lublin, Poland, *id.* ¶ 16. According to Plaintiff, USMLE registration fees are higher for international medical graduates than for graduates of medical schools in the United States and Canada. *Id.* ¶ 28. Plaintiff also paid "ECFMG fees." *Id.* ¶ 29. ECFMG is the Educational Commission for Foreign Medical Graduates. *See generally* https://www.ecfmg.org/.[2]

## ARGUMENT

### I. Pleading Standards

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this does not necessitate "detailed factual allegations," it does require "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

To survive dismissal under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570. A facially plausible claim must be supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such an inference cannot be drawn based on the pleading of facts suggesting "a sheer possibility that a defendant has acted unlawfully." *Id*. (citation and internal quotation marks omitted).

---

[2] Plaintiff references the ECFMG website in his Complaint. *See* Complaint ¶ 28.

"Courts must liberally construe a *pro se* plaintiff's pleadings.… Nevertheless, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Valentin v. Esperanza Housing Counseling*, No. 18-1984, 2019 WL 3496256, at *2 (E.D. Pa. July 31, 2019) (citations omitted), *aff'd*, 834 F. App'x 745 (3d Cir. 2021); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("'[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.'") (citation omitted).

## II. Plaintiff fails to state any claim against the USMLE because the USMLE is an exam, not a person or entity that can be sued in court

Plaintiff's complaint names two defendants: the United States Medical Examination, and the National Board of Medical Examiners. *See* Complaint at ¶¶ 2, 3. The USMLE, however, does not have the legal capacity to sue or be sued. *See* Fed. R. Civ. P. 17(b) (discussing capacity of different types of parties to sue or be sued). The USMLE is an examination, not a person or legal entity. To use an analogy closer to home for lawyers, naming the USMLE as a defendant is like naming the Multistate Bar Examination as a defendant. Both are examinations that jurisdictions rely upon for licensure purposes, not individuals or legal entities that can sue or be sued. All counts against the USMLE should therefore be dismissed on this basis. *See Smartdoor Holdings, Inc. v. Edmit Indus., Inc.*, 78 F.Supp.3d 275, 277 (D.D.C. 2015) (dismissing lawsuit against an unincorporated division of a corporation because it lacked the capacity to sue or be sued); *Pushkin v. National Academies Bd. on Science Educ.*, 2012 WL 4889277, at **1-3 (D.D.C. 2012) (dismissing ADA lawsuit against defendant Board because it was "not a legal entity which can be sued"); *Phillips v. Miller*, 2010 WL 771793, at *2 (M.D. Pa. 2010) (dismissing complaint against a county prison because it did "not have the legal capacity to be sued in its own name").

**III.     Plaintiff fails to state a claim under the ADA**

Counts I and II of Plaintiff's Complaint assert claims under Title II of the ADA, 42 U.S.C. § 12132. Complaint ¶¶ 32, 44, 51. Title II of the ADA applies to public entities: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a **public entity**, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). "Public entity" is defined in the ADA to mean: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation…." 42 U.S.C. § 12131.

Plaintiff does not allege that NBME or the USMLE are "public entities" subject to Title II of the ADA. *See generally* Complaint ¶¶ 2, 3, 31-51. Indeed, later in his Complaint, Plaintiff acknowledges that NBME is a Section 501(c)(3) organization, *see* Complaint ¶ 64, and alleges (incorrectly) that the USMLE program is a "non-profit organization," *id.* ¶ 54. Thus, Plaintiff has not—and cannot—allege that NBME or the USMLE are public entities.  He therefore fails to state a claim under Title II of the ADA, and Counts I and II of the Complaint must be dismissed.

**IV.     Plaintiff fails to state a claim under Section 504 of the Rehabilitation Act**

Counts I and II of Plaintiff's Complaint reference Section 504 of the Rehabilitation Act in the header to each count, although there are no allegations specific to Section 504 in the paragraphs that follow. Even if Plaintiff intended to assert claims under Section 504, he failed to adequately plead such claims.

Entities are subject to Section 504 only if they receive federal financial assistance at the time of the actions that are the alleged basis for a discrimination claim. *See* 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability … shall, solely by reason of her or his

disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …."); *see also Yeskey v. Com. of Pa. Dep't of Corrections*, 118 F.3d 168, 170 (3d Cir. 1997) ("Section 504 … applies only to programs and activities receiving federal financial assistance."), *aff'd*, 524 U.S. 206 (1998); *Sharer v. Oregon*, 581 F.3d 1176, 1180 (9th Cir. 2009) ("Section 504's reach … encompasses a department or agency receiving federal funds in 'only those periods during which the funds are accepted.'") (citation omitted). Plaintiff does not allege that NBME or the USMLE received federal financial assistance at the time of the alleged discrimination (or at any time), and he therefore fails to state a claim under the Rehabilitation Act. *See, e.g., Evans*, 2022 WL 2916685, at *5 ("[Plaintiff] does not allege that any of the named Defendants receives federal assistance, and, therefore, has not stated a plausible claim against them."); *Talibi v. Borough of Slatington*, No. 18-385, 2018 WL 6173366, at *3-5 (E.D. Pa. Nov. 26, 2018) (dismissing Section 504 claim where plaintiff failed to allege that defendant received federal financial assistance at the time of the alleged discrimination).

Indeed, it would not be enough for Plaintiff to simply parrot the language of the statute and allege that NBME or the USMLE "receives federal financial assistance." An entity only receives financial assistance within the meaning of Section 504 when it receives a subsidy from the federal government. *See Phillips v. Goldsteins', Rosenbergs', Raphael-Sachs, Inc.*, No. 12-3833, 2013 WL 6506170, at *3 (E.D. Pa. Dec. 10, 2013) ("Because the term 'federal financial assistance' is not defined in the Act, courts when confronted with the issue, have applied the ordinary meaning of the term and have concluded that an entity receives 'federal financial assistance' when it receives a subsidy.") (citations omitted). Bald allegations that a defendant receives federal financial assistance, unsupported by specific facts raising a plausible inference that a defendant

received a subsidy from the federal government during the period of the alleged discrimination, are insufficient to state a claim under Section 504. *See Estate of Meija v. Archambeault*, No. 20-2454, 2021 WL 4428990, at *9-10 (S.D. Cal. Sept. 27, 2021) ("Plaintiffs allege only that 'Defendant … is a program that received federal financial assistance as defined in 29 U.S.C. § 794(b), … but provide no facts raising an inference that [Defendant] receives a subsidy. This is insufficient to establish a plausible Rehabilitation Act claim.").

To the extent Counts I and II of the Complaint are construed to assert claims under Section 504 of the Rehabilitation Act, they must be dismissed for failure to state a claim.

**V.      Plaintiff fails to state a claim under Title VI of the Civil Rights Act**

Plaintiff asserts claims under Title VI of the Civil Rights Act in Counts III and IV of the Complaint. Like Section 504 of the Rehabilitation Act, Title VI of the Civil Rights Act only applies to programs or activities receiving federal financial assistance. *See* 42 U.S.C. § 2000d. Plaintiff, however, does not allege that NBME or the USMLE receive federal financial assistance as part of his Title VI claims. Rather, he vaguely alleges that the USMLE is owned by NBME and the Federation of State Medical Boards, "who are eligible to receive federal financial assistance by government grant(s)," Complaint ¶ 55, and that NBME is "eligible to receive government grant(s) as part of their funding," *id.* ¶ 64. Neither of these allegations state, much less plausibly allege, that NBME or USMLE actually received federal financial assistance so as to be subject to Title VI of the Civil Rights Act.

As with his Section 504 claims, Plaintiff's failure to plausibly allege that NBME or the USMLE receive federal financial assistance is fatal to his Title VI claims. *See Valentin*, 2019 WL 3496256, at *2 (dismissing Title VI claim where Plaintiff's allegations did not show that "Defendant's program is a direct recipient of federal financial assistance as required under Title

-7-

VI"); *Blaylock v. Progressive Ins.*, No. 18-396, 2018 WL 1093311, at *2-3 (E.D. Pa. Feb. 28, 2018) (dismissing claims under Section 504 and Title VI where, among other things, "nothing in [plaintiff's] Amended Complaint suggests that Defendant is … the recipient of federal financial assistance").

Plaintiff's Title VI claims also fail because he does not allege that NBME or the USMLE excluded him from participation in, denied him the benefits of, or subjected him to discrimination in a federally-assisted program on the grounds of race, color, or national origin. *See* 42 U.S.C. § 2000d. Plaintiff complains that "USMLE discriminates against IMGs," *i.e.,* "International Medical Graduates" (*see* Complaint ¶ 28 and n.2), and he suggests that this constitutes discrimination based on "ethnicity." *Id.* ¶¶ 56-57. All these allegations assert, however, is that Plaintiff was charged different rates because of the international location of his medical school, not because of his national origin or any other personal characteristic relevant to a Title VI claim. Plaintiff therefore fails to state a claim for violation of Title VI. *See Danihel v. Office of President of U.S.*, 616 F. App'x 467, 471 (3d Cir. 2015) ("Danihel has not alleged that he was harmed due to his membership in a Title VI class, and his claim therefore fails as a matter of law.") (citation omitted).

For the foregoing reasons, Counts III and IV of the Complaint must also be dismissed.

-9-

## CONCLUSION

The Court should dismiss Plaintiff's Complaint.

Dated:  November 21, 2022                         Respectfully submitted,

                                                     COZEN O'CONNOR

                                                     */Jared D. Bayer*
                                                     Jared D. Bayer, (201211)
                                                     One Liberty Place
                                                     1650 Market Street, Suite 2800
                                                     Philadelphia, PA 19103
                                                     Telephone: 215-665-4127
                                                     Facsimile: 215-701-2427
                                                     jbayer@cozen.com
                                                     *Attorneys for Defendant National Board of Medical Examiners*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing motion, supporting memorandum of law, and proposed order were served on November 21, 2022, by first class mail with a courtesy copy by email to:

Dr. Markcus Kitchens
625 Hampton Way, #2
Richmond, KY 40475
markwanz@gmail.com

*Pro se plaintiff*

                                            */s/ Jared D. Bayer*
                                            Jared D. Bayer