**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DR. MARKCUS KITCHENS, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES MEDICAL LICENSING EXAMINATION and NATIONAL BOARD OF MEDICAL EXAMINERS, <br><br> Defendants. | Civil Action No. 2:22-CV-03301-JMY |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT NBME'S MOTION TO DISMISS**

Defendant National Board of Medical Examiners ("NBME") demonstrated in its opening brief that Plaintiff has failed to state a claim under Title II of the Americans with Disabilities Act ("ADA") because neither NBME nor the United States Medical Licensing Examination ("USMLE") is a public entity subject to Title II of the ADA; has failed to state a claim under the Rehabilitation Act and Title VI of the Civil Rights Act because Plaintiff does not allege that NBME or the USMLE receives federal financial assistance; and has failed to state a claim under Title VI for the additional reason that he does not allege that NBME or the USMLE discriminated against him based on any status that is protected under the statute. *See* Memorandum of Law in Support of Defendant NBME's Motion to Dismiss ("NBME Br.") (Dkt. 6). Plaintiff's opposition to Defendants' motion to dismiss does not overcome the deficiencies of his complaint. *See* Response in Opposition to Motion to Dismiss ("Pl. Br.") (Dkt. 7). The complaint should therefore be dismissed.

**I.      Plaintiff Does Not Dispute That The USMLE Lacks The Legal Capacity To Be Sued**

Plaintiff's complaint names two defendants: the USMLE and NBME. Complaint ¶¶ 2, 3. As NBME noted in its opening brief, the USMLE is an exam, not a person or entity, and does not have the legal capacity to sue or be sued. *See* NBME Br. 4 (Dkt. 6). Because it does not have the legal capacity to be sued, the USMLE it is not a proper defendant. *Id.* (citations omitted).

Plaintiff offers no contrary argument. *See* Pl. Br. 3-10. The argument is therefore conceded, and the claims against the USMLE (Counts I and III) should be dismissed on this basis. *See, e.g., 13 Hollister v. U.S. Postal Serv.*, 142 Fed. App'x 576, 577 (3d Cir. 2005) (party's failure to oppose an argument in a motion to dismiss constitutes waiver of any objection); *Ankele v. Hambrick*, 286 F. Supp.2d 485, 496 (E.D. Pa. 2003) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it."), *aff'd*, 136 Fed. App'x 551 (3d Cir. 2005).

**II.     Plaintiff Has Not Stated A Viable ADA Claim**

Plaintiff asserts two ADA claims, both under Title II of the ADA, 42 U.S.C. § 12132. Complaint ¶¶ 31-51 (Counts I and II). Plaintiff acknowledges that Title II applies only to public entities. Pl. Br. 4; *see also* 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). Because neither NBME nor the USMLE is a "public entity," *see* 42 U.S.C. § 12131 (definition of "public entity"), Plaintiff's Title II claims must be dismissed.

Plaintiff did not allege in his complaint that NBME or the USMLE is a public entity. *See generally* Complaint ¶¶ 2, 3, 31-51. He acknowledged instead that NBME is a non-profit entity under Section 501(c)(3) of the Internal Revenue Code. *Id.* at ¶ 64. Now, recognizing that NBME's status as private entity dooms his Title II ADA claims, Plaintiff makes three arguments: (1) NBME is a "public entity" because of its relationship with another private, non-profit entity whose

members consist of state medical boards, the Federation of State Medical Boards ("FSMB"), Pl. Br. 4-6 (referring to FSMB as a "private organization that represents multiple state medical regulatory boards"); (2) "[t]he Third Circuit has determined that defendant NBME is subject to Title II of the ADA," *id*. at 7 (citing *Ramsay v. Nat'l Bd. of Med. Exam'rs*, 968 F.3d 251 (3d Cir. 2020)); and (3) if "NBME is not subject to Title II of the ADA as a public entity," it is nevertheless required to provide accommodations to disabled examinees under Title III of the ADA 42 U.S.C. § 12189. *Id*. at 76. None of these arguments, however, prevent dismissal of his ADA claims.

First, NBME's relationship with the FSMB as co-sponsors of the USMLE examination does not make NBME (or the USMLE examination) a "department," "agency" or "instrumentality of a State ... or local government." *See* 42 U.S.C. § 12131. It is FSMB that has a relationship with state medical boards, not NBME, and FSMB's relationship with state medical boards is not sufficient to make **FSMB** a public entity for purposes of the ADA, much less NBME.[1] Nor does the fact that states have chosen to rely on the USMLE as part of their licensing process make NBME a public entity. *See* Pl. Br. 5-6. This Court has rejected similar arguments in dismissing claims against NBME that require a finding that NBME is a state actor.[2]

---

[1] *Cf. Zhang v. Fed'n of State Med. Bds*., 2011 WL 7154507, *3 (M.D.N.C. 2011) (NBME and FSMB held not to be state actors, in case involving a failed examinee's § 1983 claim), *recommendation adopted*, 2012 WL 381898 (M.D.N.C. 2012), *aff'd*, 473 Fed. App'x. 193 (4th Cir. 2013); *Dabiri v. Fed'n of State Medical Bds*., 2009 WL 803126, *7 (E.D.N.Y. 2009) (rejecting due process claim by doctor against FSMB because FSMB is not a state actor).

[2] *See Boggi v. Med. Review & Accrediting Council*, 2009 WL 2951022 (E.D. Pa. 2009) (holding that a state's decision to rely on tests developed by the NBME as part of its licensing process for physicians does not render NBME a state actor), *aff'd*, 415 Fed. App'x 411, 414 (3d Cir. 2011); *Mahmood v. Nat'l Bd. of Med. Exam'rs*, 2012 WL 2368462, *3 (E.D. Pa. 2012) (dismissing § 1983 claims and holding that "NBME is not a state actor."); *Naglak v. Berlin*, 1988 WL 30920, *4 (E.D. Pa. 1988) ("Ms. Naglak has also not shown how the actions of the [NBME], a private organization, constitute state action for purposes of section 1983."); *see also Alston v. Nat'l Conf. of Bar Exam'rs*, 314 F. Supp.3d 620, 625 (E.D. Pa. 2018) ("Plaintiff cites no precedent to support the

The two cases cited by Plaintiff do not support a different conclusion. *See* Pl. Br. 5. To the contrary, both *dismissed* Title II claims against other private entities precisely because, like NBME, they were not public entities and thus were not subject to 42 U.S.C. § 12132. *See Matthews v. Pa. Dep't of Corrections,* 613 Fed. Appx. 163, 170 (3d Cir. 2015) (affirming dismissal of Title II ADA claim against a private entity defendant, and agreeing "with the Court of Appeals for the Eleventh Circuit that 'a private corporation is not a public entity merely because it contracts with a public entity to provide some service'") (citation omitted); *MGJ v. School Dist. of Philadelphia*, 2017 WL 2277276, at *10 (E.D. Pa. 2017) ("Courts reviewing whether an entity is an instrumentality of the state have concluded the term instrumentality 'refers to governmental units or units created by them.' In light of this case law, we find no basis for concluding Carson Valley—a private entity providing TSS services to students in the District—is an instrumentality of the state or otherwise a public entity. We dismiss the Title II ADA claim against Carson Valley.") (citations omitted).

Second, the Third Circuit did **not** hold in *Ramsay* that "NBME is subject to Title II of the ADA." *See* Pl. Br. 7. *Ramsay* involved a claim under 42 U.S.C. § 12189, which is found in Title III of the ADA, not a Title II claim under 42 U.S.C. § 12132. *See* 968 F.3d at 257. There was no holding in *Ramsay* that NBME is subject to Title II.

Third, Plaintiff has not stated a Title III ADA claim against NBME under 42 U.S.C. § 12189 (albeit not one that would ultimately succeed)[3] in his complaint. His brief cannot rectify

---

proposition that NCBE's activities assisting [state] courts with the qualifications of lawyers would amount to governmental action.").

[3] Section 12189 provides, in relevant part: "Any person that offers examinations ... related to applications, licensing, certification, or credentialing for ... professional ... purposes shall offer such examinations ... in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

that deficiency, because it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (internal quotation and citation omitted).

Plaintiff's ADA claims must therefore be dismissed for failure to state a claim.

## III.   Plaintiff Has Not Stated A Viable Rehabilitation Act Claim

The headings for Counts I and II of Plaintiff's Complaint reference Section 504 of the Rehabilitation Act, but there are no allegations specific to Section 504 in the paragraphs that follow.  To the extent Plaintiff intended to assert claims under Section 504, he failed to adequately plead such claims and dismissal is warranted.  *See* NBME Br. 5-7 (citations omitted).

Plaintiff does not dispute that Section 504 applies only if an entity received federal financial assistance at the time of the alleged discriminatory actions. *See* Pl. Br. 6.  Nor does he dispute that his complaint includes no allegation that NBME received or receives federal financial assistance (although he does note that his complaint asserted that "NBME is federal funding *eligible,*" *id*. at 7 (original emphasis)).  Instead, he attempts to rectify his pleading deficiency by asserting that "**FSMB** has received federal funding at all times complained of herein." *Id.* at 6 (citing various exhibits to his brief) (emphasis added).

Even if this assertion regarding the FSMB is true, it cannot rescue his Section 504 claims against NBME and the USMLE.  In the first place, and as noted above, he cannot remedy a pleading deficiency by way of a brief filed in opposition to a motion to dismiss.  His complaint "does not allege that any of the named Defendants receives federal assistance, and, therefore, [he] has not stated a plausible [Rehabilitation Act] claim against them." *Evans v. Pres. of Thomas Jefferson Univ.*, No. 22-CV-1371, 2022 WL 2916685, *5 (E.D. Pa. July 25, 2022)30T); *Talibi v. Borough of Slatington*, No. 18-385, 2018 WL 6173366, *3-5 (E.D. Pa. Nov. 26, 2018) (dismissing

Section 504 claim where plaintiff failed to allege that defendant received federal financial assistance at the time of the alleged discrimination).

Moreover, even if the Court could look to the assertions in his brief, those assertions are not sufficient to state a Section 504 claim against *NBME*.  The alleged receipt of federal financial assistance by an independent third-party that is not a corporate affiliate of NBME (as confirmed by the exhibits that Plaintiff attached to his brief) provides no basis for subjecting NBME to a claim under Section 504.

**IV.     Plaintiff Has Not Stated A Viable Claim Under Title VI of the Civil Rights Act**

Like Section 504 of the Rehabilitation Act, Title VI of the Civil Rights Act only applies to programs or activities receiving federal financial assistance. *See* 42 U.S.C. § 2000d.  Plaintiff, however, does not allege that NBME or the USMLE receive federal financial assistance as part of his Title VI claims.  *See* Complaint ¶¶ 52-69.  Therefore, as with his Section 504 claims, Plaintiff's failure to plausibly allege that NBME or the USMLE receive federal financial assistance is fatal to his Title VI claims.  *See* NBME Br. 7-8 (citations omitted).

Plaintiff offers a single-sentence response:  "[S]ince the Federation of State Medical Boards has received federal financial funding at all times alleged herein, and Defendant NBME, as an instrumentality of and/or as cosponsor with the FSMB at all times alleged herein, Defendant NBME is subject to Title VI of the Civil Rights Act."  Pl. Br. 9.  This response fails for the same reasons noted above regarding his reliance on FSMB's alleged receipt of federal financial assistance in an effort to rescue his Section 504 claim.  It comes too late (in his brief, not in his complaint), and it asserts not that *NBME* receives federal financial assistance, but that third-party FSMB does so, which is insufficient to support a Title VI claim against NBME.

-7-

Finally, Plaintiff's opposition brief does not respond to Defendants' argument that Plaintiff's Title VI claims should also be dismissed because he has not alleged that NBME or the USMLE excluded him from participation in, denied him the benefits of, or subjected him to discrimination in a federally-assisted program on the grounds of race, color, or national origin. *See* NBME Br. 8 (citing 42 U.S.C. § 2000d). His complaint alleges only that he was charged higher fees because of the international location of his medical school, not because of his national origin or any other personal characteristic protected under Title VI. *See* Complaint ¶¶ 28, 29, 55, 56, 65. Having offered to contrary argument on this point, Plaintiff has conceded that his complaint fails to state a claim for violation of Title VI for this independent reason.

## CONCLUSION

The Court should dismiss Plaintiff's Complaint.

Dated:  December 12, 2022                              Respectfully submitted,


                                                       */s/ Jared D. Bayer*
                                                       Jared D. Bayer
                                                       Cozen O'Connor
                                                       One Liberty Place
                                                       1650 Market Street, Suite 2800
                                                       Philadelphia, PA 19103
                                                       Telephone: 215-665-4127
                                                       Facsimile: 215-701-2427

                                                       Caroline M. Mew (to seek *pro hac* admission)
                                                       Perkins Coie LLP
                                                       CMew@perkinscoie.com
                                                       700 Thirteenth Street, N.W., Suite 800
                                                       Washington, D.C. 20005-3960
                                                       Telephone: 202-654-6200
                                                       Facsimile:  202-654-6211

                                                       Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing motion, supporting memorandum of law, and proposed order were served on December 12, 2022, by first class mail with a courtesy copy by email to:

>Dr. Markcus Kitchens
>625 Hampton Way, #2
>Richmond, KY 40475
>markwanz@gmail.com
>
>*Pro se plaintiff*

>>*/s/ Jared D. Bayer*
>>Jared D. Bayer