# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MARKCUS KITCHENS, JR., <br><br>    Plaintiff, <br><br>v. <br><br>UNITED STATES MEDICAL LICENSING EXAMINATION and NATIONAL BOARD OF MEDICAL EXAMINERS, <br><br>    Defendants. | Civil Action No. 2:22-CV-03301-JMY |

## ORDER GRANTING STAY

**AND NOW**, this ___ day of _____, 2023, upon consideration of Defendants' Unopposed Motion for a Stay Pending a Ruling on Defendant's Motion to Dismiss (Dkt. 13) (the "Motion"), it is **ORDERED** that the Motion is **GRANTED**. The Court hereby concludes that good cause exists for granting the stay, for the reasons set forth in the Motion. All discovery and related activities in this case, including the activities addressed in the Court's Order for Rule 16 Conference (Video) (Dkt. 12) are stayed and adjourned pending a ruling by the Court on Defendants' Motion to Dismiss. (*See* Dkts. 6, 7, 8.) The Court will enter a further scheduling order, if warranted, after ruling on the Motion to Dismiss.

                                        **BY THE COURT:**

                                        _____

                                        **JUDGE JOHN MILTON YOUNGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MARKCUS KITCHENS, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES MEDICAL LICENSING EXAMINATION and NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>    Defendants. | Civil Action No. 2:22-CV-03301-JMY |

**DEFENDANTS' UNOPPOSED MOTION FOR A STAY
PENDING A RULING ON DEFENDANTS' MOTION TO DISMISS**

Defendants respectfully move to stay discovery and other pretrial deadlines, including the Rule 16 conference scheduled for February 15, 2023 (*see* Dkt. 12), until the Court has ruled on Defendants' pending motion to dismiss. The motion to dismiss is fully briefed and, if granted, will dispose of all claims in this litigation. *See* Dkts. 6, 7, 8. The requested stay would conserve the resources of the parties, third parties, and the Court and is otherwise warranted.

Plaintiff has authorized Defendants' counsel to inform the Court that he does not oppose the requested stay.

### BACKGROUND

**I. NBME and the USMLE**

Defendant National Board of Medical Examiners ("NBME") is a non-profit organization based in Pennsylvania. *See* Complaint ¶ 3 (Dkt. 1). NBME's mission is to help protect the health of the public through the development and administration of high-quality examinations for health professionals. *See generally* https://www.nbme.org/.

NBME co-sponsors the United States Medical Licensing Examination, or "USMLE." Three "Step" exams make up the USMLE, taken at different times over the course of an individual's graduate medical education: Step 1, Step 2 Clinical Knowledge (Step 2 CK), and Step 3. *See generally* www.usmle.org/step-exams. State medical boards across the country rely upon USMLE results to help ensure that prospective physicians have the minimum qualifications needed to provide safe and effective patient care. *See* www.usmle.org/about-usmle.

## II. Dr. Kitchens

Dr. Kitchens resides in Kentucky but graduated from a medical school in Poland. Complaint ¶¶ 15, 16. To become a licensed physician in the United States, he must pass the three Step exams that make up the USMLE. Dr. Kitchens asked NBME to allow him to test with additional testing time and other accommodations when he took his USMLE Step exams. *Id*. ¶ 17. NBME denied his requests, *id.* ¶ 18, after concluding that he had not shown that accommodations were warranted. Plaintiff took the Step 1 exam three times and did not pass. *Id.* ¶¶ 19-22. He also took the Step 2 CK exam two times and did not pass. *Id.* ¶¶ 23-26.

## III. Procedural History of this Case

Dr. Kitchens filed this lawsuit on August 16, 2022, asserting claims under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and Title VI of the Civil Rights Act. *Id*. ¶¶ 31-69. He alleges that he is entitled to receive additional testing time on the USMLE based upon an unspecified "mental impairment." *See id*. ¶ 37.

On November 21, 2022, Defendants moved to dismiss all claims asserted in Dr. Kitchens' complaint. *See* Dkt. 6. Defendants demonstrated in their motion papers that Dr. Kitchens has failed to state a claim under Title II of the ADA because neither NBME nor the USMLE is a public entity subject to Title II of the ADA; has failed to state a claim under the Rehabilitation Act and

Title VI of the Civil Rights Act because he does not allege that NBME or the USMLE receives federal financial assistance; and has failed to state a claim under Title VI for the additional reason that he does not allege that NBME or the USMLE discriminated against him based on any status that is protected under the statute. *See* Dkt. 6. Defendants further demonstrated that all claims asserted against the USMLE should be dismissed for the additional reason that the USMLE is an examination, not a legal entity, and thus does not have the legal capacity to be sued.

Dr. Kitchens filed his opposition to Defendants' motion to dismiss on December 5, 2022. *See* Dkt. 7. Defendants filed a reply brief on December 12, 2022. *See* Dkt. 8. The motion is therefore fully briefed and ready for decision by the Court.

On January 3, 2023, the Court entered an Order for Rule 16 Conference. Dkt. 12. The Order schedules a Rule 16 Conference for February 15, 2023. *Id*. It also directs the parties to make their Rule 26(a) initial disclosures by January 17, 2023, to "have conducted substantial discovery before the Rule 16 Conference," and to submit a Joint Report of Rule 26(f) Meeting to the Court by February 8, 2023. *Id*.

## ARGUMENT

A court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). This discretion extends to staying discovery pending the resolution of a motion to dismiss. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001).

"While the court should not automatically stay discovery because a motion to dismiss has been filed, 'a stay is proper where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay.'" *19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (*quoting Weisman v. Mediq, Inc.*, 1995 WL 273678, *2 (E.D.Pa.1995)). "In order to measure the

likelihood that a pending motion may result in a narrowing or outright elimination of discovery, [the Court] need not 'form[ ] an opinion as to the merits' of the motion. Rather, [it need only] consider the scope of the motion and ask whether it 'may potentially lead to' the end of the case, and whether it will provide the parties with 'full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur.'" *Perelman v. Perelman*, No. 10–5622, 2011 WL 3330376, *1 (E.D. Pa. 2011) (citation omitted).

Factors to be considered in evaluating a stay request include whether any discovery is underway, the harm and expense to which discovery would subject the movant or third parties, and whether a delay in discovery would harm the non-movant. *Id.* If the pending motion to dismiss has "the potential to dispose of the entire case and eliminate the need for discovery," the balancing of the relevant factors "will generally lean in favor of staying discovery." *Pfizer, Inc. v. Johnson & Johnson*, No. 17-cv-4180, 2018 WL 1071932, *1 (E.D. Pa. 2018). A stay is warranted under these standards.

First, the pending motion to dismiss addresses all of Plaintiff's claims. It therefore has "the potential to dispose of the entire case and eliminate the need for discovery," *id.*, which would avoid unnecessary effort and expense for the parties, third parties, and the Court.

Second, discovery has not yet begun, so there will be no disruption in the discovery process, and no party will be prejudiced because of the stay. The absence of prejudice to plaintiff is evidenced by the fact that he does not oppose this motion.

Third, it would be an undue burden on NBME to proceed with discovery if its dispositive motion is subsequently granted. It would also be a burden to Plaintiff to proceed with discovery in a scenario where his claims might be dismissed, because he resides in Kentucky and would have to devote time and resources to a discovery process that may prove to be unnecessary.

-4-

-5-

Fourth, the interests of non-parties strongly favor a stay. Discovery in exam-related cases alleging disability discrimination routinely includes extensive third-party discovery. Plaintiff is claiming to suffer from a mental impairment that substantially limits his ability to take a high-stakes licensing exam. If the case proceeds, discovery will be needed from his medical professional(s) regarding the existence and alleged impact of his claimed impairment(s); from the educational institutions that he attended (including his U.S. high school and college and his medical school in Poland), to see whether he received accommodations in those settings and, if so, what they were and why were they provided; potentially from entities that administer other high-stakes tests that Plaintiff might have taken; and potentially from Plaintiff's past employers, to see if they provided any accommodations to Plaintiff. Even reasonable third-party discovery requests impose some burden on their recipients, and a stay of discovery would obviate the need for such an imposition pending resolution of NBME's potentially dispositive motion to dismiss.

Fifth, NBME is a non-profit entity whose resources are best allocated to pursing its mission of helping to protect the health of the public through the development and administration of examinations that help to evaluate the knowledge and abilities of health professionals. Staying the case will contribute to that outcome, while appropriately applying the Federal Rules of Civil Procedure so as to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

-6-

## **CONCLUSION**

For the foregoing reasons, NBME's motion for a stay should be granted.

Dated:  January 13, 2023                                Respectfully submitted,

/s/  Jared Bayer
Jared D. Bayer
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-4127
Facsimile: 215-701-2427

Caroline M. Mew (admitted *pro hac vice*)
Perkins Coie LLP
CMew@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202-654-6200
Facsimile:   202-654-6211

Attorneys for Defendants

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copies of the foregoing motion and a proposed order were served on January 13, 2023, by first-class mail with a courtesy copy by email to:

> Markcus Kitchens
> 625 Hampton Way, #2
> Richmond, KY 40475
> markwanz@gmail.com
>
> *Pro se plaintiff*

> */s/ Jared D. Bayer*
> Jared D. Bayer