UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MARKCUS KITCHENS, JR.  )<br>    PLAINTIFF  )<br>          )<br>v.  )<br>          )<br>UNITED STATES MEDICAL LICENSING EXAMINATION,  )<br>    ET. AL  )<br>    DEFENDANTS  )<br>          ) | CIVIL ACTION NO.:<br>2:22-CV-03301-JMY |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

### NOTICE

Notice is hereby provided that the following Motion shall come on for hearing before the Hon. John M. Younge, of the Eastern District of Pennsylvania on February 15, 2023 at 2:00 p.m., or as soon thereafter as counsel may be heard.

### INTRODUCTION

Plaintiff, Dr. Markcus Kitchens, (hereinafter "Dr. Kitchens") requests leave of the Court pursuant to Fed. R. Civ. Proc. 15(a)(2) to file his First Amended Complaint, attached as Exhibit 1 to this Motion. Dr. Kitchens filed his original complaint on August 16, 2022. The facts of this case are set forth in Dr. Kitchens' original complaint, which are incorporated here. This Complaint was filed due to the National Board of Medical Examiners' (hereinafter "NBME" or "Defendant NBME") repeated failure to provide Dr. Kitchens with reasonable testing accommodations for his STEP 1 and STEP 2 Board exams. Dr. Kitchens provided the appropriate documentation pursuant to their website and, without any basis or justification, NBME denied Dr. Kitchens' application and stated that he did not show his requested accommodations were necessary. On November 12, 2022, NBME filed a Motion to Dismiss the claims against it and Defendant United States Medical Licensing Examination (hereinafter "Defendant USMLE" or "USMLE"). Dr. Kitchens timely Responded in Opposition on December 5, 2022, and Defendant NBME Replied in Support of its Motion on December 12, 2022.

Now pending before the Court is a Motion to Dismiss filed by Defendant NBME. Defendant NBME asserts dismissal is appropriate as Plaintiff has failed to assert a claim against them in Dr. Kitchens' original Complaint. Dr. Kitchens now moves this Court to file his First Amended Complaint curing the deficiencies pointed out in the NBME's Motion to Dismiss by removing the USMLE as an inappropriately named defendant and amending his claims under Title II of the Americans with Disabilities Act to Count I, Violation of 28 CFR §36.309 against the NBME as the sole Defendant. In support of his Motion, Dr. Kitchens attaches his First Amended Complaint as Exhibit 1.

## ARGUMENT

Dr. Kitchens requests leave pursuant to Fed. R. Civ. Prov. 15 which states:

> A party may amend its pleading once as a matter of course within twenty-one (21) days after serving it, or if the pleading is one to which a responsive pleading is required, twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(A-B). A party may amend its pleading only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2).

Pursuant to Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." *Id*. The Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15. *Arthur v. Maersk*, 434 F.3d 196, 202 (3d Cir. 2006); *Dole .v Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) ("This approach ensures that a particular claim will be decided on the merits rather than on technicalities."). The opportunity to amend is not automatic, but should be granted absent a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Strafford*, 226 F.3d 275, 291 (3d Cir. 2000). "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur*, 434 F.3d at 203 (citing *Foman v. Davis*, 371 U.S. at 182). Futility of amendment occurs when the Complaint, as amended, does not state a claim upon which relief can be granted, and is therefore governed by the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6)." *See Oran*, 226 F.3d at 291 (citations omitted).

Dr. Kitchens seeks leave to amend his Complaint pursuant to Rule 15(a) attached hereto as Exhibit 1, and that the Clerk be directed to lodge the Amended Complaint into the record, and the Defendants, who have appeared by counsel, be directed to respond to same.

Dr. Kitchens contends that his Motion for Leave meets the standards of Rule 15(a)(2), asserting that he merely seeks to correct a technical pleading defect and that no prejudice will result if the amendment is allowed because the original Complaint provided notice of Dr. Kitchens' intention to pursue a claim of discrimination under the Americans with Disabilities Act ("ADA") against Defendant NBME. In the case at hand, Defendants' Motion to Dismiss is solely based on the lack of allegations against them in the original complaint. This Motion and Amended Complaint is filed within sixty (60) days of Defendant NBME's Motion to Dismiss and corrects deficiencies in the original Complaint pointed out in their Motion.

## CONCLUSION

There is no prejudice to Defendant NBME with such a short time elapsing. In the absence of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment, the Court should exercise its discretion in favor of granting leave to amend. Therefore, the Motion to Dismiss must be denied and Dr. Kitchens' Motion to file the attached Amended Complaint should be granted, requiring Defendant NBME to answer the Amended Complaint or file another pleading.

Respectfully submitted,

*/s/ Dr. Markcus Kitchens*
Dr. Markcus Kitchens
625 Hampton Way, #2
Richmond, KY 40475
T: (423) 314-4096
markzwanz@gmail.com
***Pro Se Plaintiff***

## CERTIFICATE OF SERVICE

It is hereby certified that a true and accurate copy of the foregoing was filed electronically via the Pacer system and served to the following on January 15, 2023.

Jared D. Bayer
Cozen O'Connor
One Liberty Place
1650 Market Street, Ste. 2800
Philadelphia, PA 19103
T: (215) 665-4127
***Counsel for Defendant***
***National Board of Medical Examiners***

Caroline M. Mew
Perkins Coie LLP
700 Thirteenth Street, N.W., Ste. 800
Washington, D.C. 20005-3960
T: (202) 654-6200
E: CMew@perkinscoie.com
***Counsel for Defendant***