UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MARKCUS KITCHENS, JR. | ) | |
| PLAINTIFF | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 2:22-CV-03301-JMY |
| | ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) | |
| DEFENDANT | ) | |
| | ) | |
| **SERVE VIA CLERK OF COURT:** | ) | |
| James A. Byrne | ) | |
| U.S. Courthouse | ) | |
| 601 Market Street, Room 2609 | ) | |
| Philadelphia, PA 19106 | ) | |
| | ) | |

---

## FIRST AMENDED COMPLAINT

---

Comes the Plaintiff, Dr. Markcus Kitchens Jr. pro se, and for his First Amended Complaint against Defendants National Board of Medical Examiners and hereby states as follows:

### INTRODUCTION

1.  This action seeks to recover injunctive relief and damages for injuries suffered by Plaintiff, Dr. Markcus Kitchens, which were the direct and proximate result of repeated discrimination based on the Americans with Disabilities Act violations in connection with Dr. Markcus Kitchens' testing accommodations during STEP 1 and STEP 2 of the USMLE Board Examination process.

### PARTIES

2.  Plaintiff, Dr. Markcus Kitchens Jr. (hereinafter known as "Dr. Kitchens") is a resident of Richmond, Kentucky with a residence at 625 Hampton Way Unit #2, Richmond, Kentucky, 40475.

3.  Defendant, National Board of Medical Examiners (hereinafter known as "Defendant NBME" or "NBME") is headquartered at 3750 Market Street, Philadelphia, Pennsylvania, 19104. The NBME may be served by the Clerk of the Court, James A. Byrne, U.S. Courthouse, 601 Market Street, Room 2609, Philadelphia, Pennsylvania, 19106.

EXHIBIT

1

## JURISDICTION, VENUE, AND CHOICE OF LAW

4.   Plaintiff restates, re-alleges, and incorporates herein by reference, the proceeding paragraphs as if fully set forth herein.

5.   The Pennsylvania District Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen of Kentucky and none of the Defendants are citizens of Kentucky for the purposes of jurisdiction, therefore, the parties are completely diverse. Further, the amount in controversy exceeds $75,000.

6.   When a federal court sits in diversity, it may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so. The Pennsylvania Long-Arm Statute reaches the full extent of due process.

### Due Process

7.   The oft-utilized three-part test for accessing the constitutionality of specific jurisdiction requires:

> First, the Defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

8.   The Defendant purposely availed themselves of the privilege of acting within the State of Pennsylvania as this is where all the event leading to this cause of action occurred.

9.   All the claims arise from the decisions made by the Defendant in the State of Pennsylvania in accommodations, grading, and scoring by Defendant and discrimination against Dr. Kitchens.

10. The acts, omissions, and consequences caused by Defendant has a substantial connection to the forum state since they either arose from the data transmitted from the forum or the torts perpetrated in the forum, or the injuries caused by actions from within the forum state.

11. For these reasons, specific jurisdiction over the Defendant is appropriate.

12. General jurisdiction is appropriate because the Defendant has such continuous and systematic contacts with the forum state by virtue of their significant business connections with the State of Pennsylvania.

### Choice of Law and Venue

13.  The standard for applying Pennsylvania law is whether Pennsylvania had enough contacts to justify applying Pennsylvania law. The Defendant has more than ample contacts with the forum state when decisions directly affecting Dr. Kitchens's accommodation status and/or grading his STEP board exams were conducted in Pennsylvania. Therefore, Pennsylvania law should govern.

14.  Venue is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events leading up to these claims took place in the District of Pennsylvania.

## FACTUAL BACKGROUND

15.  At all times relevant to this complaint, Defendant NBME is a non-profit, private corporation that offers the United States Medical Licensing Examination to board-certified applicants who wish to become licensed to practice medicine in the United States.

16.  At all times relevant to this complaint, Dr. Kitchens was a board-certified applicant who has a medical diagnosis of attention-deficit hyperactive disorder ("ADHD") and test anxiety.

17.  From August, 2010 to December, 2014, Dr. Kitchens attended Berea College located at 101 Chestnut St., Berea, Kentucky, and received his Bachelor's of Arts.

18.  On or about January, 2013, Dr. Kitchens was medically diagnosed with Attention deficit hyperactivity disorder. (See Exhibit A).

19.  While a student at Berea College, Dr. Kitchens received unofficial testing accommodations for examinations administered in college. (See Exhibit B).

20.  At Berea College, Dr. Kitchens received extended time as an ADA complaint accommodation for all examinations administered.

21.  On or about Spring, 2013, Dr. Kitchens sat for the MCAT without ADA accommodations.

22.  On October, 2015, Dr. Kitchens was accepted to the Medical University of Lublin, in Lublin, Poland.

23.  From August, 2016 to January, 2021, Dr. Kitchens attended the Medical University of Lublin as an American medical student.

24.  At all times during classroom teaching, Dr. Kitchens received testing accommodations of time plus one-hundred percent (100%) (double time) during examinations.

25.  On or about April 28, 2020, Dr. Kitchens was medically diagnosed with significant anxiety. (See Exhibit C).

26.  On January 4, 2021, Dr. Kitchens graduated from the Medical University of Lublin.

27.  On or about December 2020, Dr. Kitchens sat for the Comprehensive Basic Science Self-Assessment (hereinafter "CBSCI") with accommodations. (See Exhibit D).

28.  On October 13, 2021, Dr. Kitchens applied for accommodations with the USMLE STEP board exams, specifically, additional time, due to disability.

29.  In his application for accommodations, Dr. Kitchens included the following:

   a.   A note from his primary care physician, Ghori S. Khan, MD. (See Exhibit E); and

   b.   Treatment notes dating back to October 5, 2020. (See Exhibit F).

30.  On February 8, 2022, Dr. Kitchens' accommodation application was denied. As grounds for their denial, Defendant NBME stated that "you have not shown your requested accommodations are necessary for you to access the USMLE." (See Exhibit G).

31.  On or about August 30, 2022, Dr. Kitchens applied for testing accommodations a second time.

32.  In his application for accommodations, Dr. Kitchens included the following:

   a.   The formal application request form through USMLE. (See Exhibit H);

   b.   Multiple treatment notes dating back to 2017. (See Exhibit J);

   c.   The confirmation page received when he applied for the CBSI. (See Exhibit K); and

   d.   A personal statement detailing his longstanding diagnoses of ADHD and severe test anxiety. (See Exhibit L).

33.  On or about August 30, 2022, Dr. Kitchens accommodation application was denied. (See Exhibit M).

34.  At all times relevant to this Complaint, Dr. Kitchens was subject to discriminatory actions by denial of his ADA test accommodations.

35. Dr. Kitchens hereby incorporates each General Allegation into each Count below.

## CAUSES OF ACTION

### COUNT I    VIOLATION OF 28 CFR § 36.309 (DEFENDANT NBME)

36. Dr. Kitchens hereby incorporates the allegations set forth in paragraphs 1-34 as if fully set forth herein.

37. Title III of the ADA provides

"any private entity that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements."

38. 28 C.F.R. 36.309 defines a 'disability' as

    a. "A physical or mental impairment that substantially limits one or more of the major life activities of such individual;

    b. A record of such impairment; or

    c. Being regarded as having such an impairment."[1]

39. To establish a disability under Title III of the ADA, the plaintiff must show that he meets *any* one of these three tests. (Emphasis added).

40. The plaintiff must show that he has an impairment, identify the life activity that he claims is limited by the impairment, or prove that the limitation is substantial.

41. Defendant NBME has a duty to grant accommodations when a disability is demonstrated.

42. Defendant NBME reviewed Dr. Kitchens's application for testing accommodations pursuant to Title III of the ADA and denied same.

43. 28 CFR 36.309(b)(1)(v) states "when considering requests for modifications [or] accommodations… the testing entity gives *considerable* weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations…." (Emphasis added).

44. Defendant NBME's denial for accommodations discriminated against Dr. Kitchens's disability by denying him benefits of services needed to fully participate in the STEP 1 and STEP 2 process.

---

[1] 42 U.S.C. §12102(2).

45. Defendant NBME's denial of Dr. Kitchens's benefits was by reason of his disability.

46. Dr. Kitchens has a longstanding history of mental impairment that substantially limits a major life activity that has been recorded and regarded as having an impairment.

47. Dr. Kitchens's mental impairment substantially limits major life activities including but not limited to learning, reading, concentrating, thinking, communicating and working.

48. Pursuant to 28 CFR 36.105(2)(b)(1)(ii) Dr. Kitchens has demonstrated a mental disorder by providing medical and administrative documentation of ADHD and test anxiety.

49. Pursuant to 28 CFR 36.105(3)(c)(1)(i) major life activities include "... learning, reading, concentrating, thinking, writing, … and working…." Dr. Kitchens has demonstrated a longstanding history of impairment to the major life activities listed above.

50. Lastly, pursuant to 28 CFR 36.105(3)(d)(1)(v), "an impairment is a disability if it substantially limits the ability of an individual to perform a major life activity *as compared to most people* in the general population. An impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity to be considered substantially limiting."

51. Dr. Kitchens's mental impairment has been diagnosed and documented in his medical records before, during, and after his academic career.

52. Dr. Kitchens' diagnoses of ADHD and test anxiety substantially limits his ability to sit for standardized examinations in academic and professional settings as compared to most people in the general population to such a degree it can be considered a disability.

53. As a direct and proximate cause of the discrimination by Defendant NBME, Dr. Kitchens suffered injuries to his professional career and reputation in the medical community.

54. Dr. Kitchens has suffered physical and mental injuries as a result of the injuries to his professional career and reputation.

55. It is reasonably certain that Dr. Kitchens has and will continue to sustain real injuries given the permanent nature of Dr. Kitchens's testing transcript.

56. Therefore, Defendant NBME violated 28 CFR §36.309 and has caused Dr. Kitchens to suffer real and actual damages for an amount to be determined at trial.

**WHEREFORE**, Dr. Kitchens respectfully requests the following:

A.  A bench trial on all matters triable by jury as a matter of right;

B.  Equitable relief as determined at trial;

C.  Injunctive relief according to proof;

D.  Plaintiff's costs herein expended; and

E.  Any and all other relief to which the Plaintiffs may be entitled.

Respectfully Submitted,

*/s/ Dr. Markcus Kitchens*
Dr. Markcus Kitchens
625 Hampton Way, #2
Richmond, KY 40475
T: (423) 314-4096
markzwanz@gmail.com
***Pro Se Plaintiff***

**VERIFICATION**

I, Dr. Markcus Kitchens, Jr., hereby verifies that the above information contained in the Verified Complaint

above is true and accurate to the best of our knowledge and belief.

Dr. Markcus Kitchens, Jr.

STATE OF KENTUCKY        )
COUNTY OF MADISON        )

Subscribed and sworn to before me, a Notary Public, in and for said County, by Dr. Kitchens, on

the 15th day of January, 2023.

My Commission Expires:        7/19/26

Notary Public

KYNP55542

AMELIA LOU KITCHENS
Notary Public
Commonwealth of Kentucky
Commission Number KYNP55542
My Commission Expires Jul 19, 2026

Name:     Markcus Z Kitchens  **DOB:** ▮▮▮▮▮▮        **Student ID:** B00636106
          (M)

Diagnosis:  Attention deficit
            disorder Without
            mention of
            hyperactivity

---

**Berea College Health Service**
**Berea, KY 404030001**
**(859)985-3212**

Markcus Z Kitchens (M) [1134]                 Note Date: 01/11/2013 03:19 PM
Pt. Phone: ▮▮▮▮▮▮          DOB: ▮▮▮▮▮▮  (Age 20)

**Summary of note:** Attention deficit disorder Without mention of hyperactivity
**Allergies:** (None)
**Current Medications:** (None)

**Intake:**

| BP | Height | Weight | Temp | Pulse | Respiratory Rate |
|---|---|---|---|---|---|
| 117/67 | 71.5" | 140 lbs |  | 62 |  |

19.3

Patient saw Cindy and they discussed patient possibly goin on Adderall.
  - *Entered by Miriam David, MD on Jan-11-2013 03:49 PM*

**Subjective:**
STates he has more problems with studying/homework than with focusing in class.  More problems with tests than with homework.
  - *Entered by Miriam David, MD on Jan-11-2013 03:49 PM*

**Objective:**
No exam.  His BP is fine.  His wt is noted--apparently is a paternal trait to b 'skinny'.
  - *Entered by Miriam David, MD on Jan-11-2013 03:49 PM*

**Assessment:**
1)Attention deficit disorder Without mention of hyperactivity - 314.00

Probable
  - *Entered by Miriam David, MD on Jan-11-2013 03:49 PM*

**Plan:**
Office or other outpatient visit for the evaluation and management of an establi

1. Start Adderall 20mg, Qam #30, nrf.  He may adjust this as needed, ie, 1/2 in am, 1/2 at noon, or maybe even as late as 4pm whichever seems to work better for him.
2. Check back with Cindy also about this issue.
3. RTO to see me in 30 days.
  - *Entered by Miriam David, MD on Jan-11-2013 03:49 PM*

Signed by: Miriam David, MD on Jan-11-2013 03:49 PM
Signed by: Miriam David, MD on Jan-11-2013 03:49 PM

*Locked by: Miriam David, MD on Jan-11-2013 03:49 PM*

This document has been signed electronically.

**EXHIBIT**

**A**

**Name:** Markcus Z Kitchens **DOB:** ▮▮▮▮▮▮  **Student ID:** B00636106
(M)

**Diagnosis:** Attention deficit disorder Without mention of hyperactivity

---

**Berea College Health Service**
**Berea, KY 404030001**
**(859)985-3212**

Markcus Z Kitchens (M) [1134]                    Note Date: 02/07/2013 02:57 PM
Pt. Phone: ▮▮▮▮▮▮        DOB: ▮▮▮▮▮▮ (Age 21)

**Summary of note:** Attention deficit disorder Without mention of hyperactivity
**Allergies:** No known drug allergies -
**Current Medications:** (None)

**Intake:**

| BP | Height | Weight | Temp | Pulse | Respiratory Rate |
|----|--------|--------|------|-------|------------------|
| 111/75 | 71" | 138 lbs | | 75 | |

19.2

Had problems getting adderall filled at Walmart. Patient still hasnt taken medication yet. Wants to discuss this.
 - Entered by Miriam David, MD on Feb-07-2013 03:20 PM

**Subjective:**
WM charge for adderall was $189- -couldn't afford.
 - Entered by Miriam David, MD on Feb-07-2013 03:20 PM

**Objective:**
BP stable. Wt low. Will follow
 - Entered by Miriam David, MD on Feb-07-2013 03:20 PM

**Assessment:**
1)Attention deficit disorder Without mention of hyperactivity - 314.00

**Plan:**
Office or other outpatient visit for the evaluation and management of an establi

1. Staart Ritalin 20mg, #30, QAM.
2. RTO in 3-4 wks for reeval.
 - Entered by Miriam David, MD on Feb-07-2013 03:20 PM

Signed by: Miriam David, MD on Feb-07-2013 03:20 PM

*Locked by: Miriam David, MD on Feb-07-2013 03:20 PM*

1 of 1

This document has been signed electronically.

**Name:** Markcus Z Kitchens  **DOB:** ▮▮▮▮▮  **Student ID:** B00636106
(M)

**Diagnosis:**

---

### Berea College Health Service
### Berea, KY 404030001
### (859)985-3212

Markcus Z Kitchens (M) [1134]                     Note Date: 08/05/2013 01:03 PM
Pt. Phone: ▮▮▮▮▮▮▮        DOB: ▮▮▮▮▮ (Age 21)

**Summary of note:** Attention deficit disorder Without mention of hyperactivity
**Allergies:** No known drug allergies -
**Current Medications:** (None)

**Intake:**

| BP | Height | Weight | Temp | Pulse | Respiratory Rate |
|----|--------|--------|------|-------|------------------|
| 106/64 | 71" | 139 lbs | | 54 | |

19.4

Signed by: Glynda Glontz on Aug-05-2013  at 01:03 PM

Was once prescribed Adderall and wants it back, never went and got the rx so has never taken it..
 - Entered by Miriam David, MD on Aug-05-2013 02:44 PM

**Subjective:**
Is applying to med school, taking MCAT and thinks this will help him focus on his future.  He saw Cindy R. last semester who concurred that he does have ADD.  Has no explantion why he didn't use it in the past. Does not smoke or use illegal drugs.
 - Entered by Miriam David, MD on Aug-05-2013 02:44 PM

**Objective:**
Lungs: clear. CV--RRR <60BPM. Abd: NT, no HSM.  Extrem: no edema.
 - Entered by Miriam David, MD on Aug-05-2013 02:44 PM

**Assessment:**
1)Attention deficit disorder Without mention of hyperactivity - 314.00

**Plan:**
Office or other outpatient visit for the evaluation and management of an establi
***RX:*** amphetamine-dextroamphetamine 20 mg tablet [Adderall] Take 1 Tablet every morning Take one tablet in the AM Qty 30. No Refills.

1.  Will start Adderall and see how he does for 1 mon.
2.  RTO 1 mo.
 - Entered by Miriam David, MD on Aug-05-2013 02:44 PM

Signed by: Miriam David, MD on Aug/05/2013 02:44 PM

***Locked by: Miriam David, MD on Aug/05/2013 02:44 PM***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MARKCUS KITCHENS, JR. | ) | |
| PLAINTIFF | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 2:22-CV-03301-JMY |
| | ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) | |
| DEFENDANT | ) | |
| | ) | |

**AFFIDAVIT OF ALYSSA HANNA**

Comes the Affiant, Dr. Alyssa Hanna, and after being duly sworn, states as follows:

1.       My name is Dr. Alyssa Hanna. I am over the age of eighteen (18). I have personal knowledge of all facts set forth herein.

2.       I am a former professor of Modern Biology and Botany at Berea College located at 101 Chestnut Street, Berea, Kentucky, 40403.

3.       Dr. Markcus Kitchens was a student of my Modern Biology class during the Fall semester of 2010.

4.       Dr. Markcus Kitchens was a student of my Botany class during the Spring semester of 2011.

5.       Dr. Markcus Kitchens was provided unofficial testing accommodations as a student.

6.       During both classes, Dr. Markcus Kitchens was allowed to take his examination(s) in my office at a separate day and time from his peers.

7.       Dr. Markcus Kitchens was provided time plus one hundred percent (time + 100%).

8.       These unofficial accommodations were provided to Dr. Markcus Kitchens in order to accommodate his severe attention deficit hyperactivity disorder (ADHD).

**EXHIBIT**

**B**

FURTHER, the Affiant sayeth naught.

_____
Dr. Alyssa Hanna

**COMMONWEALTH OF KENTUCKY** )
**COUNTY OF MADISON** )

Subscribed, sworn to, and acknowledged before me by the Affiant Dr. Alyssa Hanna on this 15th

day of January, 2023.

AMELIA LOU KITCHENS
Notary Public
Commonwealth of Kentucky
Commission Number KYNP55542
My Commission Expires Jul 19, 2026

_____
NOTARY PUBLIC

My commission expires: 7/19/26

KYNP55542

From: **donotreply@prometric.com**
Subject: **Appointment Confirmation**
Date: **Oct 27, 2020 at 10:48:28 AM**
To: **markzwanz@gmail.com**

---

To:  Markcus Zwanz KITCHENS
2
2 ILLINOIS 11111
UNITED STATES

| North America |
| --- |

Date:  27 Oct 2020

Subject: Confirmation of computer-based **Comprehensive Basic Science,#0000000094927214**

Your appointment for the computer-based **Comprehensive Basic Science** is confirmed. Please find the confirmation details that follow:

| | | |
| --- | --- | --- |
| Confirmation: | **0000000094927214** | Prometric Test Center: **# 3201** |
| Program: | **NBME Subject Examination Program** | **De Kalb - Sycamore** |
| Exam Code: | **CBSCI** | **1830 Mediterranean Dr** |
| | | **Suite 201** |
| | **Comprehensive Basic Science** | **Sycamore ILLINOIS 60178** |
| Exam Date: | **10 Dec 2020** | **UNITED STATES** |
| Exam Time: | **08:00** | |

**TEST ACCOMMODATIONS**

Extended Time

**GLOBAL TEST CENTER SECURITY PROCEDURES**

Prometric takes our role of providing a secure test environment seriously. During the check-in process, we inspect any and all eyeglasses, jewelry and other accessories to look for camera devices that could be used to capture exam content.

- You will be required to remove your eyeglasses for close visual inspection. These inspections will take a few seconds and will be done at check-in and again upon return from breaks before you enter the testing room to ensure you do not violate any security protocol.
- Jewelry outside of wedding and engagement rings is prohibited. Please do not wear other jewelry to the test center. Hair accessories, ties and bowties are subject to inspection. Please refrain from using ornate clips, combs, barrettes, headbands, tie clips, cuff links and other accessories as you may be prohibited from wearing them into the testing room and asked to store them in your locker. Violation of security protocol may result in the confiscation of prohibited devices and termination of your exam.

**IDENTIFICATION POLICY**

You must bring your Scheduling Permit, or present it electronically (e.g., via Smartphone), to the test center, along with your required identification in order to take your exam. Review your Scheduling Permit for complete details. *This email is NOT your Scheduling Permit.
To access your Scheduling Permit, go to http://examinee.nbme.org/documents/mss. We strongly encourage you to print your Scheduling Permit at least several days in advance of your scheduled appointment to avoid any problems accessing or printing your permit on test day.

Important Note: In order to be admitted to the exam on test day, your name as it appears on your Scheduling Permit must EXACTLY MATCH the name on the identification you plan to present at the testing center on test day. If the name listed on your permit is misspelled or differs from your name as it appears on your identification, immediately contact your institution. In order to receive a revised scheduling permit your institution MUST submit your name change or correction more than 7 business days prior to your scheduled test date.

**RESCHEDULE / CANCEL POLICY**

If you need to change (e.g., reschedule, cancel, change test center location) your appointment, you must go to http://www.prometric.com/MSS.

The date that you change your appointment, using Eastern Standard Time in the United States, will determine whether you pay an appointment change fee and the amount of this fee:

- If you change your appointment 15 or more days before (but not including) the first day of your scheduled test date, there is no fee.
- If you change your appointment fewer than 15 days but more than 5 days before (but not including) the first day of your scheduled test date, the fee is $30 US Dollars (USD).
- If you change your appointment 5 or fewer days before (but not including) the first day of your scheduled test date, the fee is $63.00 USD.

**EXHIBIT**

**C**

NOTE: If you do not test as scheduled, your eligibility will be terminated and you must submit a new application.

### DRIVING DIRECTIONS

I-88 W (signs for I 88 South Toll way/Aurora/I-294). Take the Peace Rd. exit toward IL-38. Turn right on to Peace Rd. Turn left at the light on Bethany. Turn right onto Mediterrean Dr. The destination will be on the right, in the same parking lot as Cadence Health, we are in the front of the building.

### ADDITIONAL INFORMATION

- TEST DAY ARRIVAL: Report to the test center 30 minutes before your scheduled appointment for check-in procedures. If you arrive later than your scheduled appointment, you may not be admitted. If you arrive more than 30 minutes after your scheduled appointment, you will not be admitted to the testing center.
Though the site provides noise reducing headphones, you are encouraged to bring your own cordless soft-foam earplugs (subject to inspection).
IF CENTER NOT ABLE TO TEST: In the event that the test center becomes unavailable on your scheduled test date, we will attempt to notify you in advance and schedule you for a different time and/or center. However, on occasion, we may need to reschedule your appointment at the last minute. We strongly encourage you to check your voicemail and email prior to leaving for your appointment on test day, particularly during inclement weather. You may also call the test center directly or go to www.prometric.com to ch eck for weather-related closings.

TEST CENTER REGULATIONS: For a full listing of Prometric Testing Center Regulations and other FAQ's please visit the Prometric website at http://www.prometric.com/TestTakers/FAQs /default.htm.
There is a 15 minute scheduled/authorized break between sections two and three. You are encouraged to take a break at this time. During the authorized break, you are permitted to access your locker.

You are advised not to take a personal break at any other time during the examination. If you must use the restroom, you may do so. However, you may not access your locker. Accessing electronic devices, such as cell phones, books, or study materials from your locker is prohibited. If you must obtain medicine or a food/drink item, notify Prometric staff before doing so. If Prometric staff are not notified and observe you accessing personal belongings you may be reported for irregular behavior. You are not permitted to make n otes on your note board prior to starting your test. You are not permitted to leave the test center area at any time that your test is in session unless the test center is evacuated because of an emergency situation. In the event the test center is evacuated, you may not access personal belongings or discuss examination content with other test takers. You are required to review and follow the Prometric test center regulations that are provided to you to read during the check-in process.

Important Guidelines for testing During COVID-19

https://prometric-4562417.hs-sites.com/?hs_preview=KhVSEZiH-30068366739

### PERSONAL DATA COLLECTION & PROCESSING

You have consented to the collection and processing of your Personal Data, and biometrics, where required by your Test Sponsor.

Sincerely,

**North America**
Prometric
www.prometric.com

**From:** M Z <markzwart2@gmail.com>
**Date:** October 22, 2021 at 1:12:04 PM EDT
**To:** info@ecfmg.org, onlineservices@ecfmg.org
**Subject: Request for Accommodations (USMLE/ECFMG ID** ███████████

To Whom This Concern,

I am writing to you today to request changing my current testing application to one with testing accommodations for my approved USMLE Step 1 application. I have Attention Deficit Hyperactivity Disorder and Testing anxiety that requires me to take more time during testing. I have attached several documents to this supporting diagnosis and reasoning for requesting Testing Accommodations. Thank You in advance.

Regards,

Dr. M. Kitchens Jr.

---

**2 attachments**

 **Exam Accommodations Letter.pdf**
34K

 **ADHD Diagnosis.pdf**
2600K

EXHIBIT

D

**M** Northwestern
Medicine

Fax

Markus Kitchens
Recipient

Recipient's Company/Department

INTERNAL MEDICINE/ Dr. Khan
Sender

815-758-8671    Fax: 815-756-4890
Sender's Phone/Email

Markus Kitchens 1-26-92.
Subject

Recipient's Phone

markzwanz @
Recipient's Fax

gmail.com

4-23-20
Date

2
Number of pages (including cover)

This facsimile transmission is intended for the use of the individual to whom it is addressed and may contain health information that is privileged and confidential. Any unauthorized use, disclosure, distribution, dissemination, copying or retransmission of this communication by anyone other than the intended recipient is strictly prohibited. The authorized recipient of this information is prohibited from disclosing this information to any other party unless required to do so by law or regulation and is required to destroy the information after its stated need has been fulfilled. If you have received this transmission in error, please contact us immediately we will arrange for its return at our expense. Thank you.

EXHIBIT

E



April 22, 2020

Markcus Kitchens
806 Fotis Dr.
Apt #1
Dekalb IL 60115

To whom it may concern ;

This is to certify that Marcus kitchens is my patient, he has significant anxiety and is under my treatment.  I will suggest exam coordinators to provide him some relaxation allowed in the rules so that it will be easier on him to undergo the exam.

If you have any questions please do not hesitate to call me

Thank you for including us as members of your health care team.

Sincerely,

Ghori S. Khan, MD

 **Northwestern Medicine**

| NM Dermatology | Kitchens, Markcus |
|---|---|
| 1850 GATEWAY DRIVE | MRN: 111012222959, DOB: ▮▮▮▮ Sex: M |
| SYCAMORE IL 60178-3192 | Visit date: 10/5/2020 |

## 10/05/2020 - Office Visit in NM Dermatology (continued)

**Provider Progress Notes (continued)**

| Prompt | Yes/No | Diagnosis | Comments | Date |
|---|---|---|---|---|
| No relevant medical history. | | | | |

No Known Allergies

PAST MEDICAL HISTORY:
**Past Medical History:**

| Diagnosis | Date |
|---|---|
| • ADHD | 2013 |

**Past Surgical History:**

| Procedure | Laterality | Date |
|---|---|---|
| • WISDOM TOOTH EXTRACTION *All 4* | | 2009 |

FAMILY HISTORY:
**Family History**

| Problem | Relation | Age of Onset |
|---|---|---|
| • No Known Problems | Mother | |
| • No Known Problems | Father | |
| • No Known Problems | Sister | |
| • No Known Problems | Brother | |

SOCIAL HISTORY:
**Social History**

Tobacco Use
| • Smoking status: | Never Smoker |
|---|---|
| • Smokeless tobacco: | Never Used |

Substance Use Topics
| • Alcohol use: | Never |
|---|---|
| Frequency: | Never |

Occupation: medial student

**Current Outpatient Medications on File Prior to Visit**

| Medication | Sig | Dispense | Refill |
|---|---|---|---|
| • busPIRone 5 mg tablet | Take 1 tablet by mouth 2 (two) times daily as needed for other (Anxiety). | 60 tablet | 2 |
| • dextroamphetamine-amphetamine 15 mg tablet | Take 1 tablet by mouth daily. TK 1 T PO BID | 60 tablet | 0 |
| • MEN'S MULTI-VITAMIN ORAL | Take by mouth. | | |

No current facility-administered medications on file prior to visit.

**EXHIBIT**

**F**



**Highly Confidential**

February 8, 2022

Markcus Zwanz Kitchens
625 Hampton Way #2
Richmond, KY 40475

RE: USMLE Step 1                              USMLE ID#: ██████████

Dear Markcus Zwanz Kitchens:

We have thoroughly reviewed the documentation you provided in support of your request for test accommodations on the United States Medical Licensing Examination (USMLE) Step 1.

Accommodations are intended to ensure that individuals with a documented disability as defined by the Americans with Disabilities Act (ADA) can take the USMLE exams in an accessible place and manner. A diagnostic label, in and of itself, does not establish coverage under the ADA, nor does prior receipt of accommodations for a particular activity guarantee that identical accommodations are indicated or will be available in all future settings and circumstances. The ADA defines disability as a physical or mental impairment that substantially limits a person's ability to perform one or more major life activities, as compared to most people in the general population. Therefore, not every impairment will constitute a disability.

**We conducted an individualized review of your request in accordance with the guidelines set forth in the ADA. Specifically, one or more doctoral-level psychological or medical professionals:**

- Carefully considered all of the information you provided, including the recommendations of your treating and/or evaluating professional(s)
- Gave substantial weight to your history of accommodations on standardized examinations
- Considered whether and how your reported impairment(s) affects your ability to access a computer-based examination like the USMLE

**Based upon this review, we have concluded that you have not shown that your requested accommodations are necessary for you to access the USMLE. Accordingly, your request is being denied, for the following primary reasons:**

- Your treatment professionals did not provide sufficient information regarding the basis for the diagnosis of Attention-Deficit/Hyperactivity Disorder (ADHD). Even if not formally diagnosed in childhood, the essential feature of ADHD, a neurodevelopmental disorder, is a persistent pattern of inattention and/or hyperactivity-impulsivity that interferes with functioning or development. According to the *Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5)*, manifestation of the disorder must be present in more than one setting (e.g., home and school, work). Adult self-report and recall is not sufficient to substantiate a history of substantial symptoms across settings. Your documentation does not objectively demonstrate that you have shown pervasive problems managing daily demands for attention, concentration, or organization in school, work, social, or other domains.

EXHIBIT

G

- While we noted your 2018 diagnosis of Test Anxiety, experiencing anxiety during high-stakes examinations is not, in and of itself, evidence of a disability or impairment in a major life activity.

- Your documentation reveals a history of not being substantially limited in your ability to perform the functions that are relevant to taking a standardized test like the USMLE. As best one can tell, you progressed throughout your education with an academic record and scores on timed standardized tests sufficient to gain admission to and graduate from university and medical school, all without formal accommodations.

We hope this information assists you in understanding the basis for our decision. We will request processing of your exam application without test accommodations. You may inquire at permits@ecfmg.org or call Applicant Information Services at (215) 386-5900 with any questions about your scheduling permit.

**Please monitor the USMLE announcements page at www.usmle.org and the Prometric website at www.prometric.com/corona-virus-update for up-to-date information regarding the impact of the coronavirus (COVID-19) pandemic on USMLE testing.**

Sincerely,
Disability Services

**United States Medical Licensing Examination® (USMLE®)**

## REQUEST FOR TEST ACCOMMODATIONS
*Use this form if you are requesting accommodations on the USMLE for the first time.*

---

**The National Board of Medical Examiners® (NBME®) processes requests for test accommodations on behalf of the USMLE program**

If you have a documented disability covered under the Americans with Disabilities Act (ADA), you must notify the USMLE in writing <u>each time</u> you apply for a Step examination for which you require test accommodations. Submitting this form constitutes your official notification.

• Review the USMLE Guidelines for Test Accommodations at www.usmle.org/test-accommodations/ for a detailed description of how to document a need for accommodations.

• Complete all sections of this request form; submit the form and all required documentation to Disability Services. In order to begin processing your request, you must have a completed registration for the USMLE Step exam for which you are requesting accommodations.

• NBME will acknowledge receipt of your request by e-mail and audit your submission for completeness. If you do not receive an e-mail acknowledgement within two business days of submitting your request, please contact Disability Services at 215-590-9700 or disabilityservices@nbme.org. You may be asked to submit additional documentation to complete your request.

• **Requests are processed in the order in which they are received. Processing cannot begin until sufficient information is received by NBME and your Step exam registration is complete. Allow at least 60 business days for processing of your request**.

• The outcome of our review will not be released via telephone. All official communications regarding your request will be made in writing. If you wish to modify or withdraw a request for test accommodations, contact Disability Services by e-mail at disabilityservices@nbme.org or by telephone at 215-590-9700.

---

As explained in the Guidelines to Request Test Accommodations (www.usmle.org/test-accommodations/), you MUST provide supporting documentation verifying your current functional impairment.

<u>**Submit**</u> the following with this form:

✓ A **personal statement** describing your disability and its impact on your daily life and educational functioning.
✓ A completed **Certification of Prior Test Accommodations** form if you received test accommodations in medical school/residency.
✓ A **complete and comprehensive evaluation** from a qualified professional documenting your disability.

✓ **Supporting documentation** such as academic records; score transcripts for previous standardized exams; verification of prior academic/test accommodations; relevant medical records; previous psycho-educational evaluations; faculty or supervisor feedback; job performance evaluations; clerkship/clinical course evaluations; etc.

**EXHIBIT**

**H**

**USMLE® Request for Test Accommodations**

## Section A: Exam Information

Place a check next to the examination(s) for which you are **currently registered** *and* requesting test accommodations: (Check all that apply)

☒ Step 1

☐ Step 2 CK (Clinical Knowledge)

☐ Step 3*

*Please be aware that additional test time for Step 3 may involve 3 to 5 days of testing, depending on the requested accommodation (See Section C2).

## Section B: Biographical Information
**Please type or print.**

**B1.** Name:  _Kitchens_  _Markcus_  _Z_
        Last                 First                 Middle Initial

**B2.** Date of Birth:  _01-26-1992_

**B3.** USMLE #  _1 - 0 7 7 - 0 8 1 - 9_  (required)

**B4.** Address:
_625 Hampton Way #2_
Street
_Richmond_                    _KY_              _40475_
City                          State/Province     Zip/Postal Code
_USA_
Country
_423-314-4096_
Preferred Telephone Number
_MARKZWANZ@gmail.com_
E-mail address

**B5.** Medical School Name:  _Medical University of Lublin_

Country of Medical School:  _Poland_          Date of Medical School Graduation: _01/21_

**USMLE® Request for Test Accommodations**

## Section C: Accommodations Information

**C1**. Do you require wheelchair access at the examination facility? ☐ Yes ☑ No
If yes, please indicate the number of inches required from the bottom of the table to the floor: _____

## C2.    Step 1, Step 2 CK, or Step 3 (computer-based examinations)

Check the appropriate box to indicate the accommodations you are requesting for the exam(s) for which you are currently registered:

### STEP 1: Check ONLY ONE box
**Additional Break Time**

☐ Additional break time **over 1 day**

☑ Additional break time **over 2 days**

**Additional Testing Time**

☐ 25% Additional test time (Time and 1/4) **over 2 days**

☑ 50% Additional test time (Time and 1/2) **over 2 days**

☐ 100% Additional test time (Double time) **over 2 days**

☐ Additional break time <u>and</u> 50% Additional test time (Time and 1/2) **over 2 days**

### STEP 2 CK: Check ONLY ONE box
**Additional Break Time**

☐ Additional break time **over 2 days**

**Additional Testing Time**

☐ 25% Additional test time (Time and 1/4) **over 2 days**

☐ 50% Additional test time (Time and 1/2) **over 2 days**

☐ 100% Additional test time (Double time) **over 2 days**

☐ Additional break time <u>and</u> 50% Additional test time (Time and 1/2) **over 2 days**

### STEP 3: Check ONLY ONE box
**Additional Break Time**

☐ Additional break time **over 4 days**

**Additional Testing Time**

☐ 25% Additional test time (Time and 1/4) **over 3 days**

☐ 50% Additional test time (Time and 1/2) **over 4 days**

☐ 100% Additional test time (Double time) **over 5 days**

☐ Additional break time <u>and</u> 50% Additional test time (Time and 1/2) **over 4 days**

**Describe** any other accommodation(s) you are requesting for **Step 1**, **Step 2 CK**, or **Step 3**.
_____

_____

_____

_____

USMLE® Request for Test Accommodations

## Section D: Information About Your Impairment

**D1.** List the **specific DSM/ICD diagnostic code(s) and disability** for which you are requesting accommodations and report the year that it was **first** diagnosed.

| DIAGNOSTIC CODE | DISABILITY | YEAR DIAGNOSED |
|---|---|---|
| F90.9 | ADHD | 2013 |
| F41.9 | Test Anxiety | 2018 |
| | | |
| | | |
| | | |

## D2. Personal Statement

**Attach a signed and dated personal statement describing your impairment(s) and how a major life activity is substantially limited.** The personal statement is your opportunity to tell us how your physical or mental impairment(s) substantially limits your current functioning in a major life activity and how the standard examination conditions are insufficient for your needs. In your own words, describe the impact of your disability on your daily life (do not confine your statement to standardized test performance) and provide a rationale for why the specific accommodation(s) you are requesting are necessary in the context of this examination.

## Section E: Accommodation History

### E1. Standardized Examinations

**Attach copies of your score report(s) for any previous standardized examination taken.**

**If accommodations were provided, attach official documentation from each testing agency confirming the test accommodations they provided.**

List the accommodations received for previous standardized examinations such as college, graduate, or professional school admissions tests and professional licensure or certification examinations (if no accommodations were provided, write NONE).

| | DATE(S) ADMINISTERED | ACCOMMODATION(S) PROVIDED |
|---|---|---|
| ☐ SAT®, ACT® | | Was not diagnosed yet |
| ☐ MCAT® | | Was not diagnosed yet |
| ☐ GRE® | | |
| ☐ GMAT® | | |
| ☐ LSAT® | | |
| ☐ DAT® | | |
| ☐ COMLEX® | | |
| ☐ Other (specify) | | |

USMLE® Request for Test Accommodations

**E2. Postsecondary Education**

List each school and all formal accommodations you receive/received, and the dates accommodations were provided:

✏ **Attach copies of official records from each school(s) confirming the accommodations they provided.**

✏ **If you receive/received accommodations in <u>medical school and/or residency</u>, have the appropriate official at your medical school/residency complete the <u>USMLE Certification of Prior Test Accommodations</u> form available at www.usmle.org/test-accommodations/forms.html.**

| SCHOOL | ACCOMMODATIONS PROVIDED | DATES PROVIDED |
|---|---|---|
| **Medical/Graduate/ Professional School** | | |
| | | |
| | | |
| | | |
| | | |
| **Undergraduate School** | | |
| | | |
| | | |

**E3. Primary and Secondary School**

List each school and all formal accommodations you received, and the dates accommodations were provided:

✏ **Attach copies of official records from each school listed confirming the accommodations they provided.**

| SCHOOL | ACCOMMODATIONS PROVIDED | DATES PROVIDED |
|---|---|---|
| **High School** | Tyner Academy | N/A | wasn't diagnosed |
| **Middle School** | Tyner Middle Academy | N/A | Wasn't diagnosed |
| **Elementary School** | Best J. Shephard | N/A | Wasnt diagnosed |

USMLE® Request for Test Accommodations

## Section F:  Certification and Authorization

To the best of my knowledge and belief, the information recorded on this request form is true and accurate.  I understand that my request for accommodations, including this form and all supporting documentation, must be received by the NBME sufficiently in advance of my anticipated test date in order to provide adequate time to evaluate and process my request.

I acknowledge and agree that any information submitted by me or on my behalf may be used by the USMLE program for the following purposes:

- Evaluating my eligibility for accommodations.  When appropriate, my information may be disclosed to qualified independent reviewers for this purpose.
- Conducting research.  Any disclosure of my information by the USMLE program will not contain information that could be used to identify me individually; information that is presented in research publications will be reported only in the aggregate.

I authorize the National Board of Medical Examiners (NBME) to contact the entities identified in this request form, and the professionals identified in the documentation I am submitting in connection with it, to obtain further information.  I authorize such entities and professionals to provide NBME with all requested further information.

I further understand that the USMLE reserves the right to take action, as described in the Bulletin of Information, if it determines that false information or false statements have been presented on this request form or in connection with my request for test accommodations.

Name (print): _Markcus Kitchens_

Signature: _M. K_____     Date: _08-30-2022_

### Submitting Your Completed Request Form and Supporting Documentation:
**(Do Not Send duplicate documents and Do Not Send by multiple methods as this will delay processing)**

- **Due to business restrictions in Philadelphia because of COVID-19 please submit your request form and supporting documentation via E-mail or Fax.**
- **Requests sent to us via mail may be delayed.**
- **E-mail:** Maximum file size is 15 MB (including text in body of email, headers and all attachments). Files larger than 15 MB may require separate emails. All attachments must be in PDF format. Please scan your documents into as few PDF's as possible. Photographs of Personal Items may be in digital format such as JPEGs/JPGs. **We are not able to access embedded links.**
- **Fax or Mail:** Submit your completed request form and supporting documents to the address below once you register for your exam.
- **DO NOT bind, staple, paper clip, or tab documents as this may delay processing.**

**Disability Services
NBME
3750 Market Street
Philadelphia, PA 19104-3190
Telephone: (215) 590-9700
Facsimile: (215) 590-9422
E-mail: disabilityservices@nbme.org**

**NM** Northwestern
Medicine

| NM Dermatology | Kitchens, Markcus |
|---|---|
| 1850 GATEWAY DRIVE | MRN: 111012222959, DOB: 1/26/1992, Sex: M |
| SYCAMORE IL 60178-3192 | Visit date: 10/5/2020 |

**10/05/2020 - Office Visit in NM Dermatology (continued)**

**Provider Progress Notes (continued)**

| Prompt | Yes/No | Diagnosis | Comments | Date |
|---|---|---|---|---|
| No relevant medical history. | | | | |

No Known Allergies

PAST MEDICAL HISTORY:
**Past Medical History:**

| Diagnosis | Date |
|---|---|
| • ADHD | 2013 |

**Past Surgical History:**

| Procedure | Laterality | Date |
|---|---|---|
| • WISDOM TOOTH EXTRACTION | | 2009 |
| *All 4* | | |

FAMILY HISTORY:
**Family History**

| Problem | Relation | Age of Onset |
|---|---|---|
| • No Known Problems | Mother | |
| • No Known Problems | Father | |
| • No Known Problems | Sister | |
| • No Known Problems | Brother | |

SOCIAL HISTORY:
**Social History**

Tobacco Use
• Smoking status:         Never Smoker
• Smokeless tobacco:    Never Used
Substance Use Topics
• Alcohol use:            Never
   Frequency:            Never

Occupation: medial student

**Current Outpatient Medications on File Prior to Visit**

| Medication | Sig | Dispense | Refill |
|---|---|---|---|
| • busPIRone 5 mg tablet | Take 1 tablet by mouth 2 (two) times daily as needed for other (Anxiety). | 60 tablet | 2 |
| • dextroamphetamine-amphetamine 15 mg tablet | Take 1 tablet by mouth daily. TK 1 T PO BID | 60 tablet | 0 |
| • MEN'S MULTI-VITAMIN ORAL | Take  by mouth. | | |

No current facility-administered medications on file prior to visit.

Printed on 12/3/20 10:21 AM

EXHIBIT

J

PULSE OXIMETRY/FIO2

| Time | Pulse Ox (Rest %) | Pulse Ox (Amb %) | O2 Sat | O2 L/Min | Timing | FiO2 % | L/min | Delivery Method | Finger Probe |
|------|------|------|------|------|------|------|------|------|------|
| 4:38 PM | 99 | | | | | | | | |

MEASURED BY

| Time | Measured by |
|------|------|
| 4:38 PM | Hazel Bray, CMA |

## Physical Exam

| Exam | Findings | Details |
|------|------|------|
| General Exam | Comments | tall thin in NAD |
| Psychiatric | Normal | Orientation - Oriented to time, place, person & situation. Appropriate mood and affect. |

## Completed Orders (this encounter)

| Order | Details | Reason | Side | Interpretation | Result | Initial Treatment Date | Region |
|------|------|------|------|------|------|------|------|
| PHQ-9 completed | | | | Mild depression | 7 | | |

## Assessment/Plan

| # | Detail Type | Description |
|------|------|------|
| 1. | Assessment | Attention-deficit hyperactivity disorder, unspecified type (F90.9). |
| | Plan Orders | Referrals: Mental Health Counselor. Evaluate and treat. |
| 2. | Assessment | Anxiety (F41.9). |
| 3. | Other Orders | Orders not associated to today's assessments. |
| | Plan Orders | The patient had the following procedure(s) completed today PHQ-9 completed.. |

| Status | Ordered | Order | Timeframe | actComments |
|------|------|------|------|------|
| ordered | 05/25/2018 | Referrals: Mental Health Counselor. Evaluate and treat | | please evaulate and give opinon about the need for emotional service dogs; |

## Medications *(Added, Continued or Stopped this visit)*

| Started | Medication | Directions | Instruction | Stopped |
|------|------|------|------|------|
| | loperamide 2 mg capsule | take 2 capsule by oral route after 1st loose stool, followed by 1 capsule after each subsequent loose stool not to exceed 16 mg/day | | |
| | ondansetron 4 mg disintegrating tablet | take 1 tablet by oral route every 6 hours for 2 days and place on top of the tongue where it will dissolve, then | | |

Kitchens, Markcus Z. 000000056088 01/26/1992 05/25/2018 04:18 PM 3/4

swallow

Provider:  *Vicki Hackman MD 05/25/2018 05:05 PM*

Vicia L. Hackman MD.

Document generated by:  Vicki Hackman 05/25/2018 05:05 PM

Electronically signed by Vicki Hackman MD on 05/27/2018 12:11 PM

Kitchens, Markcus  Z. 000000056088 01/26/1992 05/25/2018 04:18 PM 4/4



# WHITE HOUSE
C L I N I C S

PATIENT:            Markcus  Kitchens
DATE OF BIRTH:      01/26/1992
DATE:               07/26/2017 09:21 AM
HISTORIAN:          self
VISIT TYPE:         Office Visit
PROVIDER:           Vicki Hackman, MD

This 25 year old male presents for med refill.

## History of Present Illness:

1.  med refill
 last seen 2/2016;
finished 1st year of med school; working with daniel lee in richond and leaves in september to go back;   has 1 more
year there at basic science and 2 y of clinical ;
on adderal since 2014;
says he was focusing better on adderall;

## Allergies

No known allergies.

| Ingredient | Reaction | Medication Name | Comment |
|---|---|---|---|
| NO KNOWN ALLERGIES | | | |

Reviewed, no changes.

## VITAL SIGNS

| Time | BP mm/Hg | Pulse /min | Resp /min | Temp F | Ht ft | Ht in | Ht cm | Wt lb | Wt oz | Wt kg | Weight % | BMI kg/m2 | BMI % | BSA m2 | O2 Sat% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9:30 AM | 100/62 | 73 | 18 | 97.50 | 5.0 | 11.00 | 180.34 | 140.00 | | 63.503 | | 19.53 | 0 | | 98 |

## MEASURED BY

| Time | Measured by |
|---|---|
| 9:30 AM | Hazel Bray, CMA |

Kitchens, Markcus Z. 000000056088 01/26/1992 07/26/2017 09:21 AM 1/3

## Physical Exam

| Exam | Findings | Details |
|------|----------|---------|
| Psychiatric | Normal | Orientation - Oriented to time, place, person & situation. Appropriate mood and affect. |

## Assessment/Plan

| # | Detail Type | Description |
|---|-------------|-------------|
| 1. | Assessment | Attention and concentration deficit (R41.840). |
| | Provider Plan | is asking me to write an rx for adderall;  he is leaving for poland in september;  He says poland does not prescribe adderall for ADHD but was told if he had an MD here to write a letter, he could get it there.  I told him I could not do that but I could refer him to a specialist for evaluation and get their opinion about him needing the medication.  He was not happy with this; says he was seeing colleen and then Dr David was writing his rx and he brought in a bottle dated 2016 as last rx. |
| | Plan Orders | Referrals: Psychiatry. Evaluate and treat. |

| Status | Ordered | Order | Timeframe | actComments |
|--------|---------|-------|-----------|-------------|
| ordered | 07/26/2017 | Referrals: Psychiatry. Evaluate and treat | | needs evaluated for ADHD;  is going overseas in september and has been on adderall in past;  please evaluate ; needs recommendations and treatment |

Provider:  Vicki Hackman MD 07/26/2017 10:00 AM

*Vicki L. Hackman MD.*

Document generated by:  Vicki Hackman 07/26/2017 10:00 AM
Kitchens, Markcus  Z. 000000056088 01/26/1992 07/26/2017 09:21 AM 2/3

From: **donotreply@prometric.com**
Subject: **Appointment Confirmation**
Date: **Oct 27, 2020 at 10:48:28 AM**
To: **markzwanz@gmail.com**

---

To:  Markcus Zwanz KITCHENS
2
2 ILLINOIS 11111
UNITED STATES

| North America |
| --- |

Date:  27 Oct 2020

Subject: Confirmation of computer-based **Comprehensive Basic Science,#0000000094927214**

Your appointment for the computer-based **Comprehensive Basic Science** is confirmed. Please find the confirmation details that follow:

| | |
| --- | --- |
| Confirmation: **0000000094927214** | Prometric Test Center: **# 3201** |
| Program: **NBME Subject Examination Program** | **De Kalb - Sycamore** |
| Exam Code: **CBSCI** | **1830 Mediterranean Dr** |
| | **Suite 201** |
| **Comprehensive Basic Science** | **Sycamore ILLINOIS 60178** |
| Exam Date: **10 Dec 2020** | **UNITED STATES** |
| Exam Time: **08:00** | |

**TEST ACCOMMODATIONS**

Extended Time

**GLOBAL TEST CENTER SECURITY PROCEDURES**

Prometric takes our role of providing a secure test environment seriously. During the check-in process, we inspect any and all eyeglasses, jewelry and other accessories to look for camera devices that could be used to capture exam content.

- You will be required to remove your eyeglasses for close visual inspection. These inspections will take a few seconds and will be done at check-in and again upon return from breaks before you enter the testing room to ensure you do not violate any security protocol.
- Jewelry outside of wedding and engagement rings is prohibited. Please do not wear other jewelry to the test center. Hair accessories, ties and bowties are subject to inspection. Please refrain from using ornate clips, combs, barrettes, headbands, tie clips, cuff links and other accessories as you may be prohibited from wearing them into the testing room and asked to store them in your locker. Violation of security protocol may result in the confiscation of prohibited devices and termination of your exam.

**IDENTIFICATION POLICY**

You must bring your Scheduling Permit, or present it electronically (e.g., via Smartphone), to the test center, along with your required identification in order to take your exam. Review your Scheduling Permit for complete details. *This email is NOT your Scheduling Permit.
To access your Scheduling Permit, go to http://examinee.nbme.org/documents/mss. We strongly encourage you to print your Scheduling Permit at least several days in advance of your scheduled appointment to avoid any problems accessing or printing your permit on test day.

Important Note: In order to be admitted to the exam on test day, your name as it appears on your Scheduling Permit must EXACTLY MATCH the name on the identification you plan to present at the testing center on test day. If the name listed on your permit is misspelled or differs from your name as it appears on your identification, immediately contact your institution. In order to receive a revised scheduling permit your institution MUST submit your name change or correction more than 7 business days prior to your scheduled test date.

**RESCHEDULE / CANCEL POLICY**

If you need to change (e.g., reschedule, cancel, change test center location) your appointment, you must go to http://www.prometric.com/MSS.

The date that you change your appointment, using Eastern Standard Time in the United States, will determine whether you pay an appointment change fee and the amount of this fee:

- If you change your appointment 15 or more days before (but not including) the first day of your scheduled test date, there is no fee.
- If you change your appointment fewer than 15 days but more than 5 days before (but not including) the first day of your scheduled test date, the fee is $30 US Dollars (USD).
- If you change your appointment 5 or fewer days before (but not including) the first day of your scheduled test date, the fee is $63.00 USD.

**EXHIBIT**

**K**

NOTE: If you do not test as scheduled, your eligibility will be terminated and you must submit a new application.

**DRIVING DIRECTIONS**

I-88 W (signs for I 88 South Toll way/Aurora/I-294). Take the Peace Rd. exit toward IL-38. Turn right on to Peace Rd. Turn left at the light on Bethany. Turn right onto Mediterrean Dr. The destination will be on the right, in the same parking lot as Cadence Health, we are in the front of the building.

**ADDITIONAL INFORMATION**

- TEST DAY ARRIVAL: Report to the test center 30 minutes before your scheduled appointment for check-in procedures. If you arrive later than your scheduled appointment, you may not be admitted. If you arrive more than 30 minutes after your scheduled appointment, you will not be admitted to the testing center.
Though the site provides noise reducing headphones, you are encouraged to bring your own cordless soft-foam earplugs (subject to inspection).
IF CENTER NOT ABLE TO TEST: In the event that the test center becomes unavailable on your scheduled test date, we will attempt to notify you in advance and schedule you for a different time and/or center. However, on occasion, we may need to reschedule your appointment at the last minute. We strongly encourage you to check your voicemail and email prior to leaving for your appointment on test day, particularly during inclement weather. You may also call the test center directly or go to www.prometric.com to ch eck for weather-related closings.

TEST CENTER REGULATIONS: For a full listing of Prometric Testing Center Regulations and other FAQ's please visit the Prometric website at http://www.prometric.com/TestTakers/FAQs /default.htm.
There is a 15 minute scheduled/authorized break between sections two and three. You are encouraged to take a break at this time. During the authorized break, you are permitted to access your locker.

You are advised not to take a personal break at any other time during the examination. If you must use the restroom, you may do so. However, you may not access your locker. Accessing electronic devices, such as cell phones, books, or study materials from your locker is prohibited. If you must obtain medicine or a food/drink item, notify Prometric staff before doing so. If Prometric staff are not notified and observe you accessing personal belongings you may be reported for irregular behavior. You are not permitted to make n otes on your note board prior to starting your test. You are not permitted to leave the test center area at any time that your test is in session unless the test center is evacuated because of an emergency situation. In the event the test center is evacuated, you may not access personal belongings or discuss examination content with other test takers. You are required to review and follow the Prometric test center regulations that are provided to you to read during the check-in process.


Important Guidelines for testing During COVID-19

https://prometric-4562417.hs-sites.com/?hs_preview=KhVSEZiH-30068366739

**PERSONAL DATA COLLECTION & PROCESSING**

You have consented to the collection and processing of your Personal Data, and biometrics, where required by your Test Sponsor.

Sincerely,

**North America**
Prometric
www.prometric.com

To Whom It May Concern:

My name is Markcus Kitchens, Jr. and I'm in the process of registering for the USMLE Step 1 Examination. I am writing this letter to request accommodations, specifically extended time, due to being diagnosed Attention-Deficit Hyperactivity Disorder and severe test anxiety.

Pursuant to Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act (ADA), a person may be considered disabled if he 1) has a physical or mental condition that substantially limits one or more major life activity(ies); 2) has a record of such physical or mental condition; and/or 3) is regarded as having such an impairment. For students with documented disabilities, reasonable accommodations are adjustments that allows for qualified students to have an equal opportunity to succeed without barrier(s).

As an individual with  ADHD and severe test anxiety, standardized exams have often presented challenges to my capacity as a student as well as a professional. When exam scores are used as a metric for whether a candidate is qualified, for a person like myself, it reflects my ability to take an exam rather than my comprehensive understanding of the material. In order to better reflect my abilities, I am requesting additional time to complete the exam. The additional time will maximize my ability to achieve my highest quality of work by decreasing my anxiety, and increase my focus. While in university, I never had the need to file an official documentation for my situation due to my professors willingness to take my exams one on one with extended time. Included in my application is a letter from my primary care physician outlining the severity of my symptoms and need for extended time an. Also, in the application you will notice my current medication list for my ADHD and Test Anxiety.

Thank you and I look forward to hearing from you soon!


Regards,

Markcus Kitchens

**EXHIBIT**

L

**From:** disabilityservices@nbme.org
**Date:** August 30, 2022 at 4:01:58 PM EDT
**To:** markzwanz@gmail.com
**Subject: RE: USMLE Step 1  - ref:_00D46pfBg._5004w2SJqBU:ref**

RE: Step 1          USMLE ID#: ██████████

Dear Markcus Zwanz Kitchens:

The National Board of Medical Examiners (NBME) processes requests for test accommodations on behalf of the United States Medical Licensing Examination (USMLE) program.  We have received your request for test accommodations for the USMLE Step 1.

Before we can begin to process your request, you must do the following:

- Please provide new (documentation that we have not already reviewed), substantive documentation to support your request for additional testing time (1.5x) and additional break time. The documentation that was submitted was documentation we had reviewed previously. Ultimately, it is up to each examinee to determine what documentation they have available and would like to submit for our review. Generally, the more information that we have, the more informed decision we can make. Please feel free to share your previous decision letter with your treatment provider(s) or others if you feel they may be able to assist you in obtaining additional supporting information.

Once we are in receipt of new supporting documentation that we have not already reviewed, we will begin to process your request and submitted documentation. If necessary, we may contact you to request additional information.

All written correspondence regarding your request, including the decision letter, will be sent to you electronically via email. When our review is complete, you will receive an email from us with the decision letter attached as a pdf document.

If you have any questions about the review process, please feel free to contact me at (215) 590-9700 or reply to this e-mail.

Sincerely,

Jennifer

Disability Services Specialist

National Board of Medical Examiners

EXHIBIT

M

3750 Market Street
Philadelphia, PA 19104-3102
215 590 9700
disabilityservices@nbme.org

This email message and any attachments may contain privileged and/or confidential business information and are for the  ole u e of the intended recipient(  )  Any unauthorized review, u e, di  clo  ure or di  tribution is prohibited. If you are not the intended recipient, please notify the sender immediately by reply email and destroy all copies of the original message and any attachments.