IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MARKCUS KITCHENS, JR., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL BOARD OF MEDICAL EXAMINERS, <br><br> Defendants. | Civil Action No. 2:22-CV-03301-JMY |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant National Board of Medical Examiners ("NBME"), by and through its attorneys, hereby answers Plaintiff's First Amended Complaint (the "Complaint") (Dkt. 15). NBME denies that it violated any law with respect to Plaintiff's request for testing accommodations on the United States Medical Licensing Examination ("USMLE"), denies that plaintiff has provided documentation that supports his contention that he is entitled to disability-based accommodations on the USMLE, denies that it discriminated against Plaintiff, denies that Plaintiff is entitled to any relief herein, and responds to the specific allegations in the Complaint using the paragraph numbers and headings found in the Complaint, as follows:

**Introduction**

1. Denied. With respect to the allegations in paragraph 1 of the Complaint, NBME states that it is unclear whether Plaintiff purports to seek "damages in this action" (no such damages are requested in the relief section of the Complaint), and that damages are not available under the applicable provision of the Americans with Disabilities Act ("ADA"); denies that Plaintiff has been subjected to any discrimination under the ADA by NBME; and denies that Plaintiff is entitled to damages or any other relief in this action.

### Parties

2. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3. Admitted in part; denied in part. NBME admits the allegations in paragraph 3, but denies that the Clerk of the Court is responsible for serving the Complaint on NBME (other than any service which occurs by way of the Complaint being docketed on the Court's ECF system).

### Jurisdiction, Venue, and Choice of Law

4. The allegations in paragraph 4 do not call for a response from NBME; to the extent a response is required, NBME incorporates by reference its responses to numbered paragraphs 1-3 of the Complaint, as set forth above.

5. Denied. NBME denies the allegations in paragraph 5, because the Court does not have diversity jurisdiction under 28 U.S.C. § 1332. NBME does not contest the Court's subject matter jurisdiction, however, as this action arises under a federal statute, making subject matter jurisdiction proper under 28 U.S.C. § 1331.

6. The statements in paragraph 6 are legal assertions as to which no response is required. NBME states, however, that it does not contest the Court's personal jurisdiction over NBME.

### Due Process

7. The statements in paragraph 7 are legal assertions as to which no response is required. NBME states, however, that it does not contest the Court's personal jurisdiction over NBME.

8. Denied. NBME denies the allegations in paragraph 8.

9. Denied. NBME denies the factual allegations in paragraph 9 and denies that there has been any discrimination against Plaintiff regarding "accommodations, grading, and scoring" or otherwise.

10. Denied. NBME denies the allegations in paragraph 10.

11. The statement in paragraph 11 is a legal assertion as to which no response is required. NBME states, however, that it does not contest the Court's personal jurisdiction over NBME.

12. The statements in paragraph 12 are legal assertions as to which no response is required. NBME states, however, that it does not contest the Court's personal jurisdiction over NBME.

**Choice of Law and Venue**

13. The statements in paragraph 13 are legal assertions as to which no response is required. NBME states, however, that the claim asserted by Plaintiff arises under federal law, not state law.

14. The statements in paragraph 14 are legal assertions as to which no response is required. NBME states, however, that it does not contest that venue is proper in this action.

**Factual Background**

15. Admitted in part; denied in part. NBME admits that it is a non-profit corporation that develops and administers the United States Medical Licensing Examination ("USMLE"). NBME denies the remaining allegations in paragraph 15.

16. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them. To the extent that

Plaintiff's statement that he is a "board-certified applicant" is meant to suggest that he is a board-certified physician, NBME denies that assertion on information and belief.

17. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them.

21. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

22. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

25. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

-5-

27. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.

28. Admitted as stated. NBME admits the allegations in paragraph 28, with the clarification that the accommodations requested by Plaintiff consisted of additional testing time (100% additional time, over two days) and additional break time (over two days).

29. Admitted as stated. NBME admits the allegations in paragraph 29, with the clarification that the list of documents referenced in paragraph 29 as having been provided to NBME is incomplete, and that the date range Plaintiff provided for the treatment notes is not accurate.

30. Admitted in part; denied in part. With regard to the allegations in paragraph 30, NBME admits that it denied Plaintiff's October 2021 request for accommodations by way of a letter dated February 8, 2022, but denies that Plaintiff has provided a complete statement of the reasons set forth in that letter for the denial of his request.

31. Admitted. NBME admits the allegations in paragraph 31.

32. Admitted in part; denied in part. With regard to the allegations in paragraph 32, NBME admits that Plaintiff provided various documents in support of his August 2022 request for accommodations, the contents of which speak for themselves.

33. Denied. NBME denies the allegations in paragraph 33 and states that the August 30, 2022 communication from NBME that is attached to Plaintiff's Complaint as Exhibit M is a request for additional documentation, not a denial letter.

34. Denied. NBME denies the allegations in paragraph 34.

-6-

35. The allegation in paragraph 35 does not call for a response from NBME; to the extent a response is required, NBME incorporates by reference its responses to each General Allegation in the Complaint.

## Causes of Action

### Count I:  Violation of 28 C.F.R. § 36.309

36. The allegation in paragraph 36 does not call for a response from NBME; to the extent a response is required, NBME incorporates by reference its responses to paragraphs 1-34 of the Complaint, set forth above.

37. Admitted in part; denied in part. NBME denies that the language quoted by Plaintiff in paragraph 37 is an accurate or complete statement of what "Title III provides," but admits that Title contains a provision (42 U.S.C. § 12189) that contains the quoted language.

38. Denied. NBME denies the allegations in paragraph 38.

39. The allegations in paragraph 29 are legal assertions that NBME is not required to admit or deny, but if so required, NBME denies the allegations in paragraph 39.

40. The allegations in paragraph 40 are legal assertions that NBME is not required to admit or deny, but if so required, NBME denies the allegations in paragraph 40.

41. Denied. NBME denies the allegations in paragraph 41, as stated.

42. Admitted. NBME admits the allegations in paragraph 42.

43. Admitted in part; denied in part. NBME admits that Plaintiff purports to quote from a regulation in paragraph 43 but denies that he has fully or accurately quoted the regulation.

44. Denied. NBME denies the allegations in paragraph 44.

45. Denied. NBME denies the allegation in paragraph 45.

46. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies them.

47. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies them.

48. Denied. NBME denies the allegations in paragraph 48.

49. Denied. NBME denies the allegations in paragraph 49.

50. Admitted in part; denied in part. NBME admits that Plaintiff purports to quote from a regulation in paragraph 50 but denies that he has fully or accurately quoted the regulation.

51. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies them.

52. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies them.

53. Denied. NBME denies the allegations in paragraph 53.

54. Denied. NBME denies the allegations in paragraph 54.

55. Denied. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies them.

56. Denied. NBME denies the allegation in paragraph 56.

The remaining allegations in the Complaint constitute a prayer for relief as to which no response is required, but NBME denies that Plaintiff is entitled to the relief requested or to any relief.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.**

**AFFIRMATIVE DEFENSES**

NBME presently has insufficient knowledge or information on which to form a belief as to whether it may have any affirmative defenses available. NBME reserves the right to assert affirmative defenses in the event discovery, further analysis, or future events indicate that unknown or unstated defenses are applicable.

WHEREFORE, NBME prays for judgement as follows:

1. That Plaintiff take nothing and be denied all relief requested in his Complaint;

2. The Plaintiff's Complaint be dismissed with prejudice on the merits;

3. That NBME recover its attorneys' fees and costs incurred herein, as authorized by statute; and

4. That NBME be awarded such other and further relief as the Court deems just and proper.

Dated:  February 1, 2023

Respectfully submitted,

/s/  Jared Bayer
Jared D. Bayer
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-4127
Facsimile: 215-701-2427

Caroline M. Mew (admitted *pro hac vice*)
Perkins Coie LLP
CMew@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202-654-6200
Facsimile:  202-654-6211

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copies of the foregoing Answer was served on Plaintiff on February 1, 2023, by email per the agreement of the parties to accept and provide service by email, to:

>Markcus Kitchens
>625 Hampton Way, #2
>Richmond, KY 40475
>markwanz@gmail.com
>
>*Pro se plaintiff*

>*/s/ Jared D. Bayer*
>Jared D. Bayer