UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MARKCUS KITCHENS, JR.<br>   PLAINTIFF<br><br>v.<br><br>UNITED STATES MEDICAL LICENSING EXAMINATION,<br> ET. AL<br>   DEFENDANTS | CIVIL ACTION NO.:<br>2:22-CV-03301-JMY |

## MOTION FOR PRELIMINARY INJUNCTION

  Plaintiff, Dr. Markcus Kitchens (hereinafter "Dr. Kitchens"), respectfully moves this Honorable Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for an Order preliminarily enjoining Defendant National Board of Medical Examiners ("NBME") from rejecting Dr. Kitchens' request for extended testing time (100% extended time or "double time") and an expungement of his examination transcript for the United States Medical Licensing Examination ("USMLE"). In support thereof, Dr. Kitchens presents herein this Motion for Preliminary Injunction, Brief, Declarations, and Exhibits and prays as follows:

1. For the reasons stated below, Dr. Kitchens respectfully submits that he is likely to succeed on the merits, that in the absence of preliminary relief he will be likely to suffer immediate and irreparable harm for which there is no adequate remedy at law, that the balance of equities is in her favor, and that a preliminary injunction is in the public interest;

2. As described in detail in the Complaint (\_\_\_), Dr. Kitchens is a foreign medical graduate, and like all medical graduates, is required to take and pass a series of timed standardized written examinations known as "STEP 1" and "STEP 2" of the USMLE. Due to NBME's wrongful refusal to grant his request for extended testing time, he has been unable to pass

either STEP 1 or STEP 2 examinations. He has been forced to miss one year of the National Residency Match Program ("NRMP") and cannot resume his medical career unless and until he takes and passes STEP 1 and STEP 2 which he must do by April 16, 2023.

3. The Electronic Residency Application Service ("ERAS") deadline for the 2023 NRMP is May 31, 2023. Therefore, Dr. Kitchens must have completed STEP 1 and STEP 2 examination by April 16, 2023.

4. Dr. Kitchens is a person with diagnosed disabilities, specifically an attentional disorder known as Attention Deficit Hyperactivity Disorder ("ADHD") and test anxiety. Both of these disabilities affect his ability to read the questions on the STEP 1 and STEP 2 examinations in the standard time allowed by Defendant NBME in particular. Therefore, he needs and, under the Americans with Disabilities Act, is entitled to receive the accommodation of extended time.

5. For almost two years, Dr. Kitchens has been seeking the same accommodation from NBME. He first applied for accommodations from NBME in 2021; his application was denied; he took the STEP 1 examination without accommodations and failed.

6. He took the STEP 1 examination without accommodations a second time and failed a second time. He took the STEP 2 examination without accommodations and failed. He took the STEP 2 examination without accommodations a second time and failed a second time.

7. Dr. Kitchens applied for extended testing time a second time and NBME turned down his application a second time.

8. He has no other recourse to obtain the accommodation that he requires.

9. Only students at accredited medical schools are eligible to take the STEP 1 examination.

10. Passing scores on both the STEP 1 and STEP 2 examination are prerequisites for licensure as a medical doctor in the United States, and also for participation in the NRMP. Dr. Kitchens requires the same or comparable testing accommodations for STEP 3. Participation is also a prerequisite for licensing, and almost all residents are placed through the NRMP.

11. NBME is continuing to refuse to grant Dr. Kitchens the accommodations that he needs for the USMLE examinations.

12. Dr. Kitchens graduated from medical school in January, 2021 with an expected application in the 2021 ERAS. His participation in the ERAS has already been delayed two years as a result of NBME's refusal and is now likely to be delayed for at least an additional year.

13. Dr. Kitchens will suffer additional irreparable harm unless on or before April 16, 2023, the date which Dr. Kitchens must be able to sit for the STEP 1 and STEP 2 examination, NBME agrees to or is ordered to provide Dr. Kitchens with extended testing time.

14. The result of NBME's refusal to provide Dr. Kitchens with extended testing time is not only delay but also a severe narrowing of his opportunity to apply for competitive residency programs, in that USMLE scores are used by institutions participating in the NRMP to rank applicants and applicants with low passing scores and/or multiple failed attempts will not receive any consideration for many programs, and may fail to match at all.

15. Further delay will cause Dr. Kitchens immediate irreparable harm, for which there is no adequate remedy at law, in that:

    a. Dr. Kitchens may be permanently prohibited from practicing medicine;

    b. Dr. Kitchens will be deprived of the opportunity to participate in the NRMP;

   c. Dr. Kitchens will never be able to recover the income that he has lost as a result of the delay;

   d. The fact of the delay, which will be evident on Dr. Kitchens' application for residency programs and eventually for permanent employment, will mark him as a person with disabilities;

   e. The more time that passes between Dr. Kitchens' completion of his medical school clinical rotations and his participation in the NRMP, the greater the likelihood that he will never be accepted into a residency program because he will have missed the opportunity to timely put into practice the knowledge and skills that he learned in medical school; and

   f. Without an expungement of his transcript, Dr. Kitchens' past attempts will be seen by residency programs which will not accurately reflect his knowledge and comprehension. Further minimizing the likelihood that Dr. Kitchens will be accepted into a residency program.

WHEREFORE, Dr. Kitchens respectfully requests that this Honorable Court enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure preliminarily enjoining and restraining NBME and all others acting in concert with NBME as follows:

1. From refusing to grant Dr. Kitchens the reasonable accommodation of 100% extended testing time (double time) for the USMLE STEP 1;

2. From refusing to grant Dr. Kitchens the reasonable accommodation of 100% extended time (double time) for each subsequent step examination, including STEP 2 and STEP 3; and

3. From refusing to expunge Dr. Kitchens' examination transcript.

There being no risk of monetary harm to Defendant, Plaintiff requests that this Court waive the requirement of a bond as security for the preliminary relief requested in this Motion.

This Motion is supported by a Memorandum of Law, the Declaration of Dr. Kitchens, the Declaration of Missie King, and attached Exhibits.

Respectfully submitted,

*/s/ Dr. Markcus Kitchens*
Dr. Markcus Kitchens
625 Hampton Way, #2
Richmond, KY 40475
T: (423) 314-4096
markzwanz@gmail.com
**Pro Se Plaintiff**

## CERTIFICATE OF SERVICE

   It is hereby certified that a true and accurate copy of the foregoing was filed electronically via the Pacer system and served to the following on February ___, 2023.

Jared D. Bayer
Cozen O'Connor
One Liberty Place
1650 Market Street, Ste. 2800
Philadelphia, PA 19103
T: (215) 665-4127
***Counsel for Defendant***
***National Board of Medical Examiners***

Caroline M. Mew
Perkins Coie LLP
700 Thirteenth Street, N.W., Ste. 800
Washington, D.C. 20005-3960
T: (202) 654-6200
E: CMew@perkinscoie.com
***Counsel for Defendant***