IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MARKCUS KITCHENS, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-3301 |
| | : | |
| UNITED STATES MEDICAL | : | |
| LICENSING EXAMINATION | : | |

# ORDER

**AND NOW**, this 3rd day of March 2023, upon considering plaintiff's Motion for preliminary injunction (DI 20), it is **ORDERED** the Motion (DI 20) is **DENIED** for the reasons stated more fully at the conclusion of the February 24, 2023 hearing, and summarized briefly herein.

1. On February 2, 2023, plaintiff moved for a preliminary injunction under the Americans with Disabilities Act ("ADA"). DI 20. Plaintiff alleges that defendant violated the ADA by wrongfully denying him accommodations on various portions of the United States Medical Licensing Examination ("USMLE"), which caused him to fail the tests and rendered him ineligible to participate in the 2022 National Resident Matching Program (the "Match").[1] *Id.* at 1-2. Plaintiff argues that each passing year without a residency position decreases the likelihood that he will secure one in the future, as does his permanent record of previous failed USMLE attempts. *Id.* at 4. To that end, plaintiff requests preliminary injunctive relief in the form of testing accommodations and an expungement of his past USMLE attempts so that he may participate in the 2023 and 2024 Match cycles. *Id.* at 4; DI 28 at 6. He alleges permanent

---

[1] Plaintiff alleges that "almost all" medical school graduates obtain positions as resident doctors through the Match program. DI 20-2 at 15. Applying for residency programs through the Match entails a "lengthy, multi-step process," as each Match cycle features both application and interview phases. DI 26 at 7.

damage to his medical career in the absence of such relief.  DI 20 at 3-4.

       2.       On February 21, 2023, defendant opposed plaintiff's motion.  DI 26.  Defendant argues, inter alia, that plaintiff is not entitled to emergency injunctive relief because the 2023 Match has already closed.  *Id.* at 9.

       3.       On February 24, 2023, we held an evidentiary hearing lasting approximately 6 hours.  DI 29.  The parties presented evidence and argument about plaintiff's applications for accommodations on the USMLE, educational history, and claimed disability.  DI 29.

       4.       Having considered the above, the Court finds that plaintiff is not entitled to preliminary injunctive relief.  Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  Merely showing a "possibility" of irreparable harm is insufficient — rather, irreparable harm must be "likely" in the absence of an injunction.  *Id.*  The possibility that a party may obtain adequate relief at a later stage of litigation "weighs heavily against" a claim of irreparable harm.  *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d. Cir. 1994) (citations omitted).

       5.       Here, both in writing and during the hearing, plaintiff concedes that even if we grant his motion, he cannot participate in the 2023 Match because he has missed the program's other key deadlines.  DI 28, at 6.  Consequently, he cannot submit residency applications until the 2024 Match cycle, which has not yet opened and does not close for approximately one year.  *Id.*  The 2024 Match cycle is too far off to warrant preliminary intervention by the Court now.  *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) ("[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future.") (citations omitted).  Plaintiff did not make the requisite "clear showing of immediate irreparable harm." *Id.*

6.      For the same reasons, although plaintiff has convincingly shown that he faces serious limitations in applying to residencies with a history of USMLE failures, he has not shown that the expungement he proposes would be of immediate use.  Because plaintiff has not established that adequate relief will not be available later and has not established that he will suffer irreparable harm, his motion is denied.

7.      We will issue a separate order providing for an early trial date to address plaintiff's need to have this matter resolved in time for the 2024 Match cycle.

_____
MURPHY, J.