PerkinsCoie

700 13th Street, NW
Suite 800
Washington, D.C. 20005-3960

T. +1.202.654.6200
F. +1.202.654.6211
PerkinsCoie.com

Caroline M. Mew
CMew@perkinscoie.com
D. +1.202.654.1767
F. +1.202.624.9551

April 24, 2023

VIA ECF

The Honorable John F. Murphy
United States District Court for the Eastern District of Pennsylvania
601 Market Street, Room 3809
Philadelphia, PA 19106

Re: **Kitchens v. National Board of Medical Examiners, No. 2:22-cv-03301**

Dear Judge Murphy:

Pursuant to the Court's March 13, 2023 Order (Dkt. 34), we are writing on behalf of defendant the National Board of Medical Examiners ("NBME") to respectfully seek leave to file a motion for partial summary judgment in this matter.

Plaintiff's complaint asserts a single claim against NBME under Title III of the Americans with Disabilities Act ("ADA"). *See* First Amended Complaint ¶¶ 36-56 (Dkt. 15). He alleges that NBME violated the ADA by denying two requests he submitted to NBME for extra testing time on Step 1 of the United States Medical Licensing Examination ("USMLE"). *Id*. at ¶¶ 28-34. One of the requests, dated October 31, 2021, was submitted to NBME in January 2022; the other was dated August 30, 2022 and submitted to NBME on or about that date. Plaintiff seeks unspecified equitable and injunctive relief with respect to these alleged violations, and "[a]ny and all other relief to which the Plaintiff may be entitled." *Id*. at 7.

Plaintiff has not submitted a request for accommodations to NBME since August 2022. He has no accommodation request pending for decision by NBME, and he is not currently registered to take any Step exam (with or without accommodations). Nevertheless, he has asserted in his court filings that "NBME is continuing to refuse to grant Dr. Kitchens the accommodations that he needs for the USMLE examinations." Motion for Preliminary Injunction ¶ 11 (Dkt. 20).

Plaintiff asked the Court to award the following relief in his Motion for Preliminary Injunction (which the Court denied on March 3, 2023, Dkt. 30), and he presumably will seek the same relief with respect to any final judgment on the merits:

1. An injunction prohibiting NBME "[f]rom refusing to grant Dr. Kitchens the reasonable accommodation of 100% extended testing time (double time) for the USMLE STEP 1;"

April 24, 2023
Page 2

    2. An injunction prohibiting NBME "[f]rom refusing to grant Dr. Kitchens the reasonable accommodation of 100% extended time (double time) for each subsequent step examination, including STEP 2 and STEP 3;" and

    3. An injunction prohibiting NBME "[f]rom refusing to expunge Dr. Kitchens' examination transcript."

Dkt. 20 at 4.

    Given the relief that Plaintiff is seeking, three primary issues are presented in this case:

    (1) Did NBME violate the ADA by not granting Plaintiff's January 2022 and August 2022 requests for extra testing time on Step 1 of the USMLE, based on the documentation that Plaintiff provided to NBME at that time in support of his requests;

    (2) If such a violation occurred, would expungement of Plaintiff's results on those two test administrations be a permissible and appropriate remedy under Title III of the ADA; and

    (3) Is Plaintiff entitled to testing accommodations under the ADA on *future* administrations of the USMLE based on any additional documentation he submits as evidence in this case and the complete record at trial?

NBME seeks leave to move for summary judgment on the first of these three issues.[1] If summary judgment were granted on that issue, it would also resolve the second issue, because there can be no remedy of any kind if there was no ADA violation.

**SUMMARY OF ARGUMENT IN FAVOR OF PARTIAL SUMMARY JUDGMENT**

    The ADA requires NBME to administer the USMLE "in a place and manner accessible to persons with disabilities...." 42 U.S.C. § 12189. To prove that NBME violated the ADA, Plaintiff "must show that (1) [he] is disabled; (2) [his] requests for accommodation are reasonable; and (3)

---

[1] Plaintiff relies in this lawsuit on a significant amount of documentation that was not provided to NBME in 2022 when he requested accommodations. The additional documentation includes a *2023* ADHD diagnostic evaluation report from Christina Bacon, who testified at the preliminary injunction hearing; additional medical records; a more extensive personal statement from Plaintiff; new records from his college; and declarations from his mother and a college professor. The sparse documentation Plaintiff submitted to NBME in 2022 stands in stark contrast to the additional documentation he has relied upon in this lawsuit. Indeed, he has produced new documents in discovery as recently as last week.

April 24, 2023
Page 3

those requests have been denied." *Bibber v. Nat'l Bd. of Osteopathic Med. Exam'r Inc.*, 2016 WL 1404157, at *5 (E.D. Pa. 2016) (citations omitted).

To be disabled under the ADA, a person must have "a physical or mental impairment that substantially limits one of more major life activities," 42 U.S.C. § 12102(1), "as compared to most people in the general population," 28 C.F.R. § 36.105(d)(1)(v). Having a diagnosed impairment is not sufficient to establish a disability under the ADA. As set forth in DOJ's implementing regulations, "not every impairment will constitute a disability[.]" 28 C.F.R. § 36.106(d)(1)(v).

Testing entities have the right to request reasonable documentation from individuals who request accommodations, supporting the need for accommodations. 28 C.F.R. § 36.309(b)(1)(iv). Supporting documentation allows the testing entity to confirm the existence of the impairment, understand the nature of any functional limitations, and approve any appropriate accommodations.

NBME provides guidance to candidates regarding the documentation they should submit to support an accommodation request. *See* www.usmle.org/step-exams/test-accommodations (attached at Ex. A). NBME's documentation guidelines are similar to those used by other entities that administer high-stakes examinations, including, for example, the Pennsylvania Board of Bar Examiners. *See* www.pabarexam.org/pdf/203_205/NTA-QualProAppInstructions.pdf (attached at Ex. B).

Plaintiff has taken Step 1 three times. He requested accommodations on two of those test administrations. However, he supported both requests with only limited documentation that did not show a need for accommodations. NBME therefore denied the first request and indicated it could not process the second in the absence of any additional information. In both instances, NBME encouraged Plaintiff to visit NBME's guidelines and submit supplemental documentation to support his request, which Plaintiff chose not to do.

There is no dispute regarding which documents Plaintiff submitted to NBME in support of his two requests for accommodations in 2022. Because those documents did not confirm either of his claimed impairments or provide *any* information regarding his alleged functional limitations, and thus did not show that he is disabled within the meaning of the ADA or that he needed his requested accommodations to access the Step 1 examination, NBME is entitled to partial summary judgment holding that NBME did not violate the ADA by not granting the requests for accommodations that Plaintiff submitted to NBME in 2022.

NBME respectfully submits that deciding this issue on a motion for partial summary judgment will streamline the issues presented at trial beginning May 15. Among other things, it will remove from the case any claim that Plaintiff makes that he is entitled to have the results from his prior test administrations expunged from his USMLE record. NBME does not believe that

April 24, 2023
Page 4

expungement is an appropriate remedy under Title III of the ADA in any event,[2] but there will be no need for the Court to hear evidence on or decide that issue if the Court has already ruled -- as it should -- that NBME did not violate Plaintiff's rights by not granting the two accommodation requests that Plaintiff submitted to NBME in 2022, because they were supported by facially insufficient documentation. The only issue remaining to be decided would be whether Plaintiff has shown that he is entitled to accommodations on future USMLE test administrations.[3]

                                                  Respectfully submitted,

                                                  /s/ Caroline M. Mew

                                                  Caroline M. Mew
                                                  Counsel for NBME

cc:    Markcus Kitchens, Jr. (via email)
        Jared Bayer (via ECF)

---

[2] The remedies provision for Title III is found at 42 U.S.C. § 12188(a), which adopts the remedies in 42 U.S.C. § 2000a-3(a). Section 2000a-3(a) allows individuals to pursue "a civil action for ***preventive relief***...." (emphasis added). Preventive relief, by definition, is forward-looking.

[3] The Court noted at the conclusion of the preliminary injunction hearing that additional time would allow Plaintiff "to thoroughly prepare and marshal the evidence that he believes would justify an accommodation," while NBME, in turn, "would have the chance to fully consider ... everything Dr. Kitchens is saying and respond," and the Court would get a "decisional record that is significantly more full and clear." (Trans. 198:14-20). Plaintiff, however, has not submitted an updated request for accommodations to NBME, supported by his new documentation. If Plaintiff does *not* do this, his claim for injunctive relief relating to *future* USMLE exams will not be ripe and the Court will not have subject matter jurisdiction to award such relief. *See, e.g., Cunningham v. Univ. of New Mexico Bd. of Regents*, 531 Fed. Appx. 909, 915-18 (10th Cir. 2013) (holding that the district court lacked subject matter jurisdiction over an ADA claim seeking accommodations on the USMLE because the claim was not ripe: "[T]he Board concluded that it did not have sufficient information to reach a definitive conclusion concerning Mr. Cunningham's request for an accommodation. Implicit in the Board's request for additional information was the possibility that, upon review of such information, the Board could grant Mr. Cunningham's request. However, Mr. Cunningham deprived the Board of the opportunity to make such a final determination because he failed to submit the additional requested information."); *Kober v. Nat'l Bd. of Med. Exam'rs*, 2010 WL 2342480, at *2 (W.D. La. 2010) (dismissing ADA claim for lack of subject matter jurisdiction, where plaintiff was "not currently registered to take the USMLE Step 1 exam and ... has no pending request for special accommodations").