**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DR. MARKCUS KITCHENS, JR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  22-3301** |
| | : | |
| **UNITED STATES MEDICAL** | : | |
| **LICENSING EXAMINATION** | : | |

## <u>ORDER</u>

**AND NOW**, this 8th day of May 2023, upon considering defendant's brief (DI 55), it is

**ORDERED** plaintiff shall, no later than **May 11, 2023**, show cause as to why the court should

not enter judgment that the remedy of expungement of past test results is not available in this

case:

1.      This matter is set for a bench trial beginning May 15, 2023.  Among other things,

plaintiff Dr. Kitchens seeks an order requiring defendant National Board of Medical Examiners

(NBME) to expunge his examination transcript.  *See* DI 20 at 4, DI 20-3 at 1.

2.      To try to simplify the issues for trial, on April 27, 2023, we ordered the parties to

brief whether expungement is an available remedy in this case, and if so, whether expungement

is appropriate.  DI 47.  The deadline was May 5, 2023.  NBME filed a responsive brief.  DI 55.

So far, Dr. Kitchens has not.

3.      The available remedies here are set by statute: "Whenever any person has

engaged or there are reasonable grounds to believe that any person is about to engage in any act

or practice prohibited by [this Title], a civil action for ***preventive relief***, including an application

for a permanent or temporary injunction, restraining order, or other order, may be instituted by

the person aggrieved . . . ."  42 U.S.C. § 2000a-3(a) (emphasis added).[1]

    4.    NBME has persuasively argued that expungement cannot be "preventive relief" in this case because it would address past results.  *See* DI 55.  Since this is a question of law, we are inclined to enter judgment now that expungement is not available here because the statute provides for only "preventive relief."[2]  This order affords Dr. Kitchens another chance to be heard before we enter judgment on the issue of expungement.[3]

**MURPHY, J.**

---

[1] The relevant substantive provision here is 42 U.S.C. § 12189 (examinations and courses), and the applicable remedies are borrowed from § 2000a-3(a).  *See* § 12188(a)(1) ("The remedies and procedures set forth in section 2000a–3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title.").

[2] Whether this is better framed as a partial summary judgment under Fed. R. Civ. P. 56 or a judgment on partial findings under Fed. R. Civ. P. 52(c) is immaterial.  This legal issue has been known to Dr. Kitchens since at least the preliminary injunction hearing, and it has already been 11 days since our original order for briefing.  *See DL Resources, Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 223-24 (3d Cir. 2007) (explaining that the adversarial party is entitled to notice and opportunity to be heard).

[3] Notwithstanding such a judgment, Dr. Kitchens would still be entitled to pursue "preventive relief" such as an order requiring NBME to make test-taking accommodations appropriate for what the evidence may show.