**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DR. MARKCUS KITCHENS, JR.,

      Plaintiff,

   v.

UNITED STATES MEDICAL LICENSING
EXAMINATION and NATIONAL BOARD
OF MEDICAL EXAMINERS,

      Defendants.

Civil Action No. 2:22-CV-03301-JMY

**MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. JOANNE SENOGA**

Defendant National Board of Medical Examiners ("NBME") hereby moves to preclude the testimony of Dr. Joanne Senoga ("Dr. Senoga"), who has been offered by Plaintiff as a purported expert on medical residency program placements and the impact that a non-passing result on a USMLE Step exam can have in gaining a residency position. Specifically, Plaintiff has explained that Dr. Senoga is expected to testify about:

> [T]he overall licensure process, including but not limited to, failing the USMLE STEP exam(s); the residency application process; the MATCH process; how a failed attempt on her examination transcript affected her application(s); and the effect of the USMLE Exam Transcript has on a prospective physician's overall career prospects.

Dkt. 57 at 19.

Dr. Senoga's purported expert testimony should be precluded under Federal Rules of Evidence 401 and 702 because her anticipated testimony is irrelevant to the issues in this case and, in any event, Dr. Senoga lacks the specialized expertise needed to testify on the topics identified by Plaintiff. The Court should further bar Dr. Senoga from offering lay witness testimony under Federal Rule of Evidence 602 and 701 because Dr. Senoga lacks personal knowledge of the facts

at issue in this case and her anticipated testimony will not assist the factfinder in resolving the issues presented.

**A.     Dr. Senoga's proposed expert testimony should be precluded under Federal Rules of Evidence 401 and 702 for lack of fit and qualification.**

The Court should preclude Dr. Senoga's expert testimony as inadmissible under Federal Rules of Evidence 401 and 702 because her anticipated testimony is not relevant to issues in this case and because Dr. Senoga lacks sufficient qualification on the topics at issue. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

This Circuit has interpreted Rule 702 to require both (1) "fit" and (2) "qualification." *Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). "The party offering the expert must prove … these requirements by a preponderance of the evidence." *Coates v. Metro. Prop. & Cas. Ins. Co.*, No. 19-CV-5143, 2022 WL 3928387, at *5 (E.D. Pa. Aug. 30, 2022) (citing *In re TMI Litig.*, 193 F.3d 613, 663 (3d Cir. 1999), *amended on other grounds by* 199 F.3d 158 (3d Cir. 2000)). Here, Plaintiff has not, and cannot, establish either fit or qualification.

**Fit.** Dr. Senoga's proposed testimony is not relevant to any of the issues presented here and therefore will not assist the factfinder. "Rule 702 requires that the expert testimony … fit the issues in the case." *Schneider*, 320 F.3d at 404; *see also UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 836 (3d Cir. 2020) (noting that the "fit" requirement is mandatory "in both bench and jury trials"). That is, "the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact." *Schneider*, 320 F.3d at 404. The "fit"

162110594.2

requirement thus "goes primarily to relevance." *Kuhar v. Petzl Co.*, No. 19-3900, 2022 WL 1101580, at *9 (3d Cir. Apr. 13, 2022) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993)); *see also* Fed. R. Evid. 401 ("Evidence is relevant if … the fact is of consequence in determining the action."). "Testimony that is speculative and based on assumptions does not 'fit' because, unmoored from the evidence in the case, it cannot assist the trier of fact." *In re Lincoln Nat'l 2017 COI Rate Litig.*, No. CV 17-4150, 2022 WL 4091426, at *5 (E.D. Pa. Aug. 9, 2022) (citing *UGI*, 949 F.3d at 835).

Here, any testimony about medical residency program placements and the impact of non-passing Step exam results on gaining a residency position is not germane to the issues in this action, which are focused on whether Plaintiff is disabled within the meaning of the ADA and, if so, whether he is entitled to double testing time on the USMLE exams. Testimony about "the overall licensure process," "the residency application process," the "MATCH process," and the impact of "the USMLE Exam Transcript … on a prospective physician's overall career prospects," Dkt. 57 at 19, has no bearing on these issues. *See id.* at 19; *Coates*, 2022 WL 3928387, at *10 (holding that the "fit" requirement was not satisfied because "Olen's opinion would not assist the trier of fact in this case"); *In re Lincoln*, 2022 WL 4091426, at *5 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.").

Nor will the identified topics of testimony assist the Court in connection with Plaintiff's request that NBME be ordered to expunge one or more of his prior USMLE Step exam results. As an initial matter, expungement is not available as a remedy under the ADA as a matter of law. Dkt. 55 at 2-4. But even if it were, the primary issues would then be whether (1) NBME violated the ADA in denying Plaintiff's 2022 requests for testing accommodations; and (2) a lack of ADA accommodations (assuming he was entitled to them) was the cause of his prior failing scores on

162110594.2

the two administrations of Step 1 for which he requested accommodations. *See id.* at 4-10. Dr. Senago's testimony is not relevant to these issues.

**Qualification.** Nor has Plaintiff established that Dr. Senoga is sufficiently qualified to offer testimony on the topics identified by Plaintiff. "Qualification refers to the requirement that the witness possess specialized expertise." *Schneider*, 320 F.3d at 404; *see also Betterbox Commc'ns Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 335 (3d Cir. 2002) ("Rule 702 requires the witness to have 'specialized knowledge' regarding the area of testimony."). Although the qualification requirement is construed liberally, the proposed expert must have at least *some* specialized expertise on the topic at issue. *Cf. Schneider*, 320 F.3d at 404. For example, this Circuit held that the district court had erred by allowing a tractor sales representative to testify as an expert regarding the cause of a tractor fire. *Aloe Coal Co. v. Clark Equipment Co.*, 816 F.2d 110, 114 (3d Cir. 1987); *see also Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008) (holding that district court had abused its discretion by allowing expert testimony on invalidity and noninfringement from a patent attorney who lacked relevant technical background).

Dr. Senoga does not have specialized expertise on the proposed topics of her testimony. *See* Dkt. 57 at 19. It appears that Dr. Senoga is an infection preventionist consultant at the Hektoen Institute of Medicine. *See* Ex. A (curriculum vitae of Joanne Senoga). To the best of NBME's current understanding, Dr. Senoga has never been involved in selecting residents for a medical residency program. Any anecdotal evidence she may hope to offer, perhaps from her experience as a USMLE tutor, *see* Ex. A at 2, falls far short of the specialized expertise required under Rule 702. *Aloe*, 816 F.2d at 114.

NBME acknowledges the lenient standard for expert qualifications, but given the lack of relevance and fit to her testimony, Plaintiff should be precluded from offering her testimony under Rules 401 and 702.

**B.      Dr. Senoga's lay witness testimony should be precluded under Federal Rules of Evidence 602 and 701 for lack of personal knowledge.**

To the extent that Plaintiff intends to introduce Dr. Senoga's testimony as non-expert, lay witness opinion, he should be barred from doing so under Rule 701. Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."); *see also Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 227–28 (3d Cir. 2008) (noting that "[s]ubsection (c) of Rule 701 was added to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing"). Under Rule 701, the witness's opinion must be (1) "based upon personal knowledge," (2) "rationally based thereon," and (3) "helpful to the trier of fact." *Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1198 (3d Cir. 1995); *see also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

Plaintiff cannot establish that Rule 701's personal knowledge, rational basis, and helpfulness standards are satisfied here. Dr. Senoga's testimony regarding her own experience with a failing Step exam score will not assist the factfinder in resolving the issues in this case. *See* Dkt. 57 at 19. Dr. Senoga's testimony should therefore be precluded under Rule 701. *See Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 225 (3d Cir. 2008) (reversing verdict because of the improper

admission of lay testimony, and reasoning that testimony was neither based on the witness's "firsthand knowledge of the factual predicates that form the basis for the opinion" nor "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue").

## CONCLUSION

For the foregoing reasons, NBME respectfully requests this the Court exclude any testimony by Dr. Senoga.  NBME reserves any other objections it may have regarding the proposed testimony of Dr. Senoga as well as the proposed testimony of Plaintiff's other proposed expert witnesses.

Dated: May 12, 2023

Respectfully submitted,

*/s/ Caroline M. Mew*
Caroline M. Mew - admitted *pro hac vice*
Perkins Coie LLP
700 13th Street, NW, Suite 800
Washington, DC 20005
Phone: (202) 654-1767
CMew@perkinscoie.com

*Attorneys for NBME*

Jared D. Bayer
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 255-8590
jbayer@cozen.com

-6-

162110594.2

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2023, a true and correct copy of the foregoing document was served by electronic mail on Plaintiff Markcus Kitchens, Jr. at markzwanz@gmail.com.

*/s/ Caroline M. Mew*
Caroline M. Mew

162110594.2