**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DR. MARKCUS KITCHENS, JR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  22-3301** |
| | : | |
| **UNITED STATES MEDICAL** | : | |
| **LICENSING EXAMINATION** | : | |

## <u>ORDER</u>

**AND NOW**, this 18th day of May 2023, following conclusion of the bench trial today, it

is **ORDERED**:

1.      If they have not already, the parties shall immediately arrange with the Clerk's

Office to order the complete trial transcript.[1]

2.      The parties shall meet and confer to agree on a complete list of admitted exhibits;

correct any document errors or misidentified exhibit number stamps; and make any remaining

appropriate agreed redactions for personal identifying information.  No later than **June 1, 2023**,

defendant shall file on the docket and electronically transmit to chambers

(murphy_chambers@paed.uscourts.gov) a complete set of exhibits and an exhibit list.   Any

disputes should be brought to our attention for resolution.[2]

3.      If they have not already, the parties shall exchange deposition designations and

any responsive counter-designations and objections, and then meet and confer to eliminate as

many objections as possible.  No later than **June 1, 2023**, defendant shall file on the docket each

---

[1] Absent agreement otherwise, the parties shall split the cost of the transcript.  If the parties elect a 30-day transcript delivery, they may ask for a suitable adjustment of the schedule in this Order.

[2] For the sake of keeping the record orderly, if the parties jointly wish to strike any exhibit filings currently on the docket, they may notify us by e-mail.

party's designations, counter-designations, and objections as well as the relevant deposition transcripts and exhibits (if any).   If technically practical to do so, the deposition transcripts should be marked up with colored highlighting to indicate each side's designations and counter-designations, and comments to indicate objections.

4.      Defendant shall file proposed findings of fact and conclusions of law no later than **June 15, 2023**.  The combined submission is limited to 50 pages or 17,500 words.

5.      Plaintiff shall file a responsive proposed findings of fact and conclusions of law no later than **July 6, 2023**.  The combined submission is limited to 50 pages or 17,500 words.

6.      Defendant may file a reply no later than **July 20, 2023**.  The submission is limited to 25 pages or 8,750 words.

7.      Plaintiff may file a surreply no later than **August 3, 2023.**  The submission is limited to 25 pages or 8,750 words.

8.      For every factual matter discussed in the briefs, counsel shall include exact citations to the transcripts, exhibits or other evidence on the docket.  Thus, no attachments to the briefs are expected to be necessary.

9.      In their briefing, the parties shall propose fact findings and address legal arguments for at least the following issues, but may address other issues if they believe it is necessary for the Court to consider them:

a.      **Question 1:** Based on the entire evidentiary record, including the trial record, does Dr. Kitchens have a mental impairment that substantially limits his ability to perform one or more major life activities that are relevant to taking the USMLE as compared to most people in the general population?

b. **Question 2:** How, if at all, is the analysis for question 1 different if the evidence is limited to the documentation that Dr. Kitchens provided to NBME when he made his requests for extra testing time?

c. **Question 3:** As a matter of law, is the relevant timeframe for evidence the present (as in question 1) or the past (as in question 2), or, does the answer depend on whether the remedy is expungement of past results or ordering of a future accommodation?

d. **Question 4:** If the Court determines that Dr. Kitchens has a mental impairment that substantially limits his ability to perform one or more major life activities that are relevant to taking the USMLE as compared to most people in the general population, is double testing time (or any other accommodation relevant to the record in this case) a reasonable accommodation?

e. **Question 5**: If Dr. Kitchens prevails on the merits (i.e., the answers to questions 1 and 4 are yes), are there any reasons why the Court should not issue an injunction ordering the NBME to accommodate Dr. Kitchens accordingly on future tests?

f. **Question 6:** *Only if you have something further to add to your pre-trial briefing*, is expungement of past test results a legally permissible form of relief in this matter?[3]

---

[3] In particular, is expungement "preventive relief" under 42 U.S.C. § 2000a-3(a)?

g. **Question 7:** *Only if you have something further to add to your pre-trial briefing*, if the answer to question 6 is yes, should expungement be unavailable to Dr. Kitchens for (i) exams where he declined to seek an accommodation or (ii) exams where he sought an accommodation, was denied, but chose to take the exam anyway?[4]

**MURPHY, J.**

---

[4] Regardless of the answers to questions 6 or 7, we will not issue an injunction ordering expungement without first ordering further briefing on all of the considerations believed by the parties to be relevant for such an injunction.

4