IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MARKCUS KITCHENS, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-3301 |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS | : : | |

# ORDER

**AND NOW**, this 17th day of July 2023, upon considering plaintiff's letter request to waive the trial transcript fee in this matter (DI 86) and his motion for leave to proceed in forma pauperis (DI 89), it is **ORDERED**:

1. First, we will grant Dr. Kitchens partial *in forma pauperis* status with respect to the trial transcript fee in the amount of $2,485.20.[1] Second, Dr. Kitchen's suit is not frivolous and presents substantial questions.[2] Third, the trial transcript is necessary for us to render a final

---

[1] Under 28 U.S.C. § 753(f), a district court may waive a court transcript fee for a litigant if they are granted partial *in forma pauperis* status, if their case is not frivolous, and if their case presents a substantial question. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). We may grant Dr. Kitchens partial *in forma pauperis* status if we determine that he is unable to pay the transcript fee in light of his financial status. *Id.* Dr. Kitchens's monthly income is approximately $1,200 and he has no savings. DI 89. He is responsible for approximately $810 per month in expenses. *Id.* He represented that his earning potential is limited because the testing accommodation denials at the heart of this suit have prevented him from obtaining a medical license. All these things considered, the cost of the trial transcript, $2,485.20, is clearly beyond his means. *See United States v. Shabazz*, 2013 WL 2147804, *4 (M.D. Pa. May 16, 2013) (transcript cost of $75 waived for a plaintiff who earned approximately $1,500 in income and paid approximately $1,100 per month in expenses). As such, we grant him partial *in forma pauperis* status.

[2] The transcript cost at issue arises out of protracted testing accommodations litigation under the Americans with Disabilities Act. The suit culminated in a four-day trial. The outcome of this litigation may determine whether Dr. Kitchens can retake certain portions of the medical licensure exam with accommodations for his alleged disability. This suit thus has potential to affect Dr. Kitchens's future career as a medical doctor. It is clearly not frivolous and raises substantial questions of fact and law.

decision on the merits of his case.

2.     Therefore, Dr. Kitchens' letter request to waive the trial transcript fee (DI 86) is **GRANTED**.  The Clerk of Court shall e-mail the bench trial transcripts (DI 78, 79, 80, 81) to Dr. Kitchens at no cost to him.

3.     Dr. Kitchens' motion for leave to proceed *in forma pauperis* (DI 89) is **DENIED** as moot.[3]

4.     This order only pertains to the trial transcript fee and does not pre-decide or have any effect on any other issue of court fees or costs that may arise during the rest of this matter.

**MURPHY, J.**

---

[3] We do not (and need not) construe DI 89 as a motion for leave to proceed *in forma pauperis* despite being styled as such.  The filing consists only of Dr. Kitchens's completed form PAE AO 239: an application to proceed in district court without prepaying fees or costs.  DI 89.  Dr. Kitchens filed this form in response to our June 29, 2023 order requiring him to do so to inform our disposition of his letter request.  DI 87.  And because Dr. Kitchens seeks only to waive one specific cost, a trial transcript fee, the relevant inquiry is whether he may proceed partially *in forma pauperis*, not whether he may proceed fully *in forma pauperis*.  *See supra*.  As such, his motion to proceed *in forma pauperis* is **DENIED** as moot.